MARY WIEDMER, Respondent, v. THE NEW YORK ELEVATED RAILROAD COMPANY, Appellant.

In an action to recover damages for injuries alleged to have been received by plaintiff through defendant's negligence, plaintiff's evidence tended to show that a hot coal, not as large as a pin head, from an engine on defendant's elevated road, fell into her eye, but there was no direct evidence that the locomotive from which it came was defective in design, construction, condition or operation, or that it was not supplied with the best known appliances for arresting sparks and cinders; nor was there evidence that defendant knew or had any means of identifying the locomotive complained of. It did not appear that more than one coal came from the engine on this occasion, or that coals were emitted from any of its locomotives on other occasions. It was claimed that, in the absence of explanatory evidence by defendant, proof of the falling of the coal was sufficient to authorize the jury to infer that the defendant

negligently used a locomotive improperly designed, defectively constructed, out of repair or negligently operated. *Held,* untenable; and that the evidence did not authorize a verdict for the plaintiff; that defendant was not bound to assume the burden of showing the condition of all of its locomotives in use on that part of its line during the afternoon in question.

*Ruppel* v. *Manhattan R. Co.* (13 Daly, 11); *Burke* v. *Manhattan R. Co.* (Id. 75); *McNaier* v. *Manhattan R. Co.* (46 Hun, 502; 4 N. Y. Suppl. 310) distinguished.

*Wiedmer* v. *N. Y. El. R. R. Co.* (41 Hun, 284) reversed.

(Argued April 25, 1889; decided June 4, 1889.)

APPEAL from judgment of the General Term or the Supreme Court in the first judicial department, entered upon an order made May 13, 1886, which affirmed a judgment in favor of plaintiff, entered upon a verdict, and reversed an order setting aside the verdict and granting a new trial.

This action was brought to recover damages or injuries alleged to have been caused by defendant's negligence.

The following facts appeared on trial:

In the afternoon of August 18, 1879, as the plaintiff was walking north on the east sidewalk of Third avenue, in the city of New York, between One Hundred and Twenty-sixth and One Hundred and Twenty-seventh streets, a hard substance entered and injured her right eye. At this time the defendant operated an elevated railroad in this avenue by locomotives which were propelled by the power of steam. The plaintiff alleged in her complaint that the substance which entered her eye was a hot coal, and that it fell from a passing locomotive, by reason of defendant's neglect to furnish it with proper appliances to prevent the emission of sparks and burning coals; and by reason of the negligent manner in which the defendant, at the time, operated the locomotive. The defendant admitted that it was a corporation engaged in operating an elevated railroad by the power of steam in Third avenue and other streets, but denied all of the other allegations in the complaint.

The plaintiff testified: " Q. On the afternoon of August 18, 1879, did you take a walk with your two children? A. Yes,

sir. Q. Walking along the sidewalk towards Harlem Bridge? A. Yes, sir. Q. State to the jury what happened? A. I went towards One Hundred and Twenty-seventh street, and a spark of fire flew from the engine into my eye; a piece of hard coal fell upon my eye. Q. Which eye was it? A. The right eye; I suffered so much during the whole night that in the morning I went down to Weber's drug store; I asked him if he could see anything in my eye — that a coal fell from the elevated road, and he took a little brush and put it in my eye and brushed out a piece of coal, because I got pain from the eye; I suffered all the time. Q. How large a piece of coal was it? A. Not quite as large as a pin-head. Q. Was it burning coal? A. Yes, sir. Q. How soon after this piece of coal flew in your eye did you call upon Mr. Weber? A. On Monday morning about seven o'clock. * * * Q. Where did it happen that the piece of coal from defendant's engine flew into your eye? A. Near One Hundred and Twenty-seventh street, on the right hand side. Q. What did Mr. Weber do to the eye? A. He took a little brush and brushed the piece of coal out. * * * Cross-examined by defendant's counsel: Q. You did not go to Mr. Weber the same day that the injury occurred? A. No, sir. Q. Was the eye painful as soon as the cinder went into it? A. Yes, sir; it pained all the time like as if there was fire in it. Q. And that is the reason that you think it was a burning cinder? A. Yes, sir. Q. You did not see the cinder burning? A. Fire flew down and a piece of hard coal fire flew in my eye. Q. You bathed it all night in cold water? A. Yes, sir. Q. Did you see the cinder come from the engine? A. I saw fire come down, and a piece came into my eye. Q. You do not positively know that it came from the road? A. Yes, sir. Q. Did you see it come all the way down? A. I saw that the fire flew from the elevated, and a piece flew into my eye. Q. I should think you would have turned your eye away when you saw it coming, or turned your head; did you not think of that; did not that occur to you, to turn your eye away? A. No, sir. Q. You saw the cinder coming all the way from

the train? A. Yes, sir. Q. Until it reached you? A. Yes, sir. Q. When you saw it coming why did you not turn away your eye? A. It came so quick. Q. I understand you to say that you saw it come all the way from the train to your eye? A. The fire flew down, and the piece flew into my eye. Q. Did you see it start from the engine? A. I saw the fire that flew down, and as soon as it got down I had it in my eye. Q. You saw something coming in the air that struck your eye? A. Fire flew from the engine, and I got a piece of it in my eye. Q. You saw it all the way from the engine? A. Yes, sir; it flew so quick, and it flew in my eye so quick."

The foregoing is all of the evidence tending to establish the defendant's liability; and after giving evidence bearing upon the question of damages the plaintiff rested. The defendant offered no evidence, and moved to dismiss the complaint upon the ground that the plaintiff had not established a cause of action. The motion was denied and the defendant excepted. The defendant then asked the court to direct a verdict for the defendant upon the same ground, which was denied, and an exception taken.

Further facts appear in the opinion.

*Edward S. Rapallo* for appellant. The escape of cinders from defendant's locomotives is not negligence *per se;* it does not raise a presumption of negligent use and operation, and it furnishes no basis from which negligence can be inferred. (*Sheldon* v. *H. R. R. R. Co.*, 14 N. Y. 218; *Rood* v. *N. Y. & E. R. R. Co.*, 18 Barb. 80; *Fero* v. *B., etc., R. R. Co.*, 22 N. Y. 209; *Field* v. *N. Y. C. & H. R. R. R. Co.*, 32 id. 350; *Collins* v. *N. Y. C. & H. R. R. R. Co.*, 5 Hun, 503; *McCaig* v. *E. R. Co.*, 8 id. 599; *Searles* v. *M. R. Co.*, 101 N. Y. 661; *Taylor* v. *City of Yonkers*, 105 id. 209; *Kaveny* v. *City of Troy*, 108 id. 577.)

*Charles Steckler* for respondent. The engine from which the sparks or cinders came was wholly under the control and management of the defendant, its agents and servants, and

therefore, the mere occurrence of the accident is sufficient *prima facie* proof of negligence to impose on the defendant the onus of rebutting it. (*Case* v. *N. C. R. R. Co.*, 59 Barb. 644; *Curtis* v. *R. & S. R. R. Co.*, 18 N. Y. 534; *Giles* v. *D. S. I. Co.*, 6 Cent. Rep. 867; *Hayes* v. *Muller*, 70 N. Y. 112; *Searles* v. *M. R. Co.*, 5 N. E. Rep. 66; *Lowery* v. *M. R. R. Co.*, 99 N. Y. 160; *Collins* v. *N. Y. C. R. R. Co.*, 5 Hun, 503; *Faro* v. *B. & S. Co.*, 22 N. Y. 209–212; *Baxter* v. *S. A. R. R. Co.*, 30 How. Pr., 219; *Jetter* v. *N. Y. & H. R. R. Co.*, 2 Abb. Ct. App. Dec. 458.) To justify a nonsuit on the ground of plaintiff's contributory negligence such negligence must appear so clearly that no construction of the evidence or inference from the facts would have warranted a contrary conclusion. (*Stackus* v. *N. Y. C. & H. R. R. R. Co.*, 79 N. Y. 464; *Wendell* v. *N. Y. C. & H. R. R. R. Co.*, 91 id. 420; *Thurber* v. *H. B. M. & F. R. R. Co.*, 60 id. 326; *Munroe* v. *T. A. R. R. Co.*, 5 Super. Ct. [J. & S.] 114; *Sutton* v. *N. Y. C. R. R. Co.*, 66 N. Y. 279; *Spaulding* v. *Jarvis*, 32 Hun, 621; *Vanderwald* v. *Olsen*, 1 N. Y. State Rep. 506; *Clark* v. *L. E.*, etc., *R. R. Co.*, 40 Hun, 605; *Baxter* v. *S. A. R. R. Co.*, 30 How. Pr. 219.) If there is any evidence, however slight, tending to prove the plaintiff's cause of action, it is not within the power of the court to dismiss the complaint or order a nonsuit. (*Colt* v. *S. A. R. R. Co.*, 49 N. Y. 671; *People* v. *M. T. Co.*, 11 Abb. N. C. 304.) There was nothing in the testimony to show that the plaintiff did not, after she saw the spark coming down, conduct herself, in respect thereto, as any ordinary, careful, prudent person, under similar circumstances, would have done. (*Kellogg* v. *N. Y. C.*, etc., *R. R. Co.*, 79 N. Y. 76; *Salter* v. *U.*, etc., *R. R. Co.*, 88 id. 42; *Newson* v. *N. Y. C. R. R. Co.*, 29 id. 383; *Ernst* v. *H. R. R. R. Co.*, 35 id. 9; *Harpell* v. *Curtis*, 1 E. D. Smith, 78.) The necessity for the employment of medical services was the natural consequence of the defendant's negligence, and the reasonable compensation for such services is recoverable by the plaintiff as a part of her damages. (*De Wint* v. *Wettsie*, 9 Wend. 325; *Bennett*

v. *Lockwood,* 20 id. 222; *Albert* v. *B. S. R. R. Co.,* 2 Daly, 389; *Shile* v. *Brokhause,* 8 N. Y. 614; *Mailler* v. *E. P. Line,* 61 id. 312; *Hoffman* v. *N. F. Co.,* 68 id. 385; *Brignoli* v. *C. & G. E. R. Co.,* 4 Daly, 182; *Metcalf* v. *Baker,* 57 N. Y. 662; *Ehrgott* v. *Mayor, etc.,* 96 id. 264; *Simonson* v. *N. Y., L. E. & W. R. R. Co.,* 36 Hun, 214; *Masterson* v. *Village of Mt. Vernon,* 58 N. Y. 391.) As there was no denial of the facts proved by the plaintiff, and no testimony given on the part of the defendant that the engine used by it at the time of the accident, causing injury to the plaintiff's eye, was supplied with all the best known appliances for arresting the emission of sparks and cinders or that the engine from which the spark or cinder causing the injury was emitted was in good order and repair, the court would have been justified, upon request, to have directed a verdict for the plaintiff. (*Calligan* v. *Scott,* 58 N. Y. 670; *Strong N. Y. L. M. Co.,* 6 Hun, 528.) The court correctly refused to charge that "the facts of the escape of a cinder, and the consequent injury to the plaintiff, are not, in themselves alone, any evidence of negligence on the part of the defendant." (*McNailer* v. *M. R. R. Co.,* 46 Hun, 502.) The injury inflicted upon the plaintiff could not very well be anticipated by her, and, therefore, upon authority, she was not guilty of contributory negligence. (*Aaron* v. *S. A. R. R. Co.,* 2 Daly, 127; *Baxter* v. *S. A. R. R. Co.,* 3 Robt. 510; *Davenport* v. *Ruckman,* 37 N. Y. 568.) A railroad running through a populous city, or where the danger from lighted sparks or burning coals are imminent, is bound to the utmost vigilance and care. (*Fero* v. *B. & S. L. R. R. Co.,* 22 N. Y. 209; *Field* v. *N. Y. C. R. R. Co.,* 32 id. 339; *Webb* v. *R., W. & O. R. R. Co.,* 3 Lans. 453; 49 N. Y. 420.) The question of defendant's negligence was properly submitted to the jury. (*Webb* v. *R., W. & O. R. R. Co.,* 49 N. Y. 420; *Bedell* v. *L. I. R. R. Co.,* 44 id. 367; *Field* v. *C. R. R. Co.,* 32 id. 339.)

FOLLETT, Ch. J. Each party to this action was rightfully in this street and engaged in a lawful pursuit. No contractual

relations existed between them, and neither owed the other any duty not due to all persons lawfully using the street. There is no direct evidence that the locomotive from which the coal came was defective in design, construction, condition or operation, or that it was not supplied with the best known appliances for arresting sparks and cinders. It does not appear that more than this one coal came from the locomotive on this occasion, or that sparks or coals were emitted from it, or from any of defendant's locomotives on other occasions. There is no evidence that on this occasion the employes in charge of defendant's train did an act which ought not to have been done, or omitted to do an act which ought to have been done.

The counsel for the plaintiff contends that the evidence is sufficient, in the absence of explanatory evidence in behalf of the defendant, to authorize the jury to infer, from the falling of this coal, that the defendant negligently used a locomotive improperly designed, defectively constructed, out of repair or negligently operated. The evidence discloses an isolated colorless fact, the emission of a coal smaller than a pin head, and the rule, *res ipsa loquitur*, has not been extended far enough to authorize the inference, from this fact, that the defendant was guilty of actionable negligence. It is urged that the rule that the burden is upon the party averring negligence to affirmatively establish it, should not be given its usual force or signification in this case, because it is said that the defendant could more easily have proved the condition of the locomotive than the plaintiff. The plaintiff did not, by her complaint or evidence, inform the defendant from which train the coal fell, in which direction the train was going, the hour of the accident or of any facts by which the defendant could have learned which locomotive emitted the coal; and, in the absence of the slightest evidence that the defendant knew or had the means of identifying the locomotive complained of, or that there were appliances in general use by which the emission of sparks of the size of the one which entered the plaintiff's eye might have been prevented, we think the fact that the defendant did not voluntarily assume the burden of showing the condition of

all of its locomotives in use on that part of its line, during the afternoon of August 18, 1879, should not have been allowed to weigh with the jury. The evidence of negligence in the case at bar falls far short of that given in *Ruppel* v. *Manhattan Railway Company* (13 Daly, 11); *Burke* v. *Manhattan Railway Company* (13 id. 75); or in *McNaier* v. *Manhattan Railway Company* (46 Hun, 502; 4 N. Y. Suppl. 310).

The judgment should be reversed and a new trial ordered, with costs to abide the event.

All concur, except POTTER and BRADLEY, JJ., dissenting.

Judgment reversed.