### TURNIER v. LATHERS.

*(Supreme Court, General Term, First Department. February 11, 1891.)*

1. NEGLIGENCE—DEFECTIVE APPLIANCES.
    Plaintiff sustained injuries while delivering ice to a tenant in an apartment-house owned by defendant by reason of the breaking of the rope of a dumb-waiter on which he was hoisting the ice. *Held* not sufficient in itself to establish a cause of action against defendant.
2. SAME—EVIDENCE—DECLARATIONS.
    Proof of what the person, supposed to be in charge of the premises, stated in regard to the elevator was properly excluded, there being nothing to show that he was the janitor, or had any power to represent defendant.

Appeal from circuit court, New York county.

Action by Thomas J. Turnier against Richard Lathers. The complaint was dismissed, and plaintiff's exceptions ordered to be heard in the first instance at the general term.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*S. C. Baldwin,* for plaintiff. *Richard O'Gorman,* for defendant.

BRADY, J. The plaintiff sought to recover damages for injuries received while attempting to deliver ice to a tenant in the apartment-house No. 179 East Ninety-Third street, in this city, owned by the defendant. An elevator or dumb-waiter was provided, in order more easily to lift or send articles to the upper floors. It could be worked by any person by means of an endless rope, and near it there was a speaking-tube placed in the wall, which enabled the occupants upon the different floors to converse with each other. On the 9th November, 1888, the plaintiff essayed to deliver 15 pounds of ice to one of the tenants, as already suggested. He placed the ice on the elevator, and began to hoist it, having previously given the signal, to the floor to which it was to be sent, when the rope mentioned broke, and the dumb-waiter was precipitated, striking him upon the head, knocking him senseless, and causing to him serious injuries. There is no pretense that the plaintiff was negligent in any respect, and although some legal propositions, other than the one to be discussed, were presented, it will not be necessary to consider them. The signal point is the absence of any evidence of the condition of the elevator or the rope, the plaintiff resting his case upon the mere proof of the accident. Why the rope broke is therefore left to conjecture opinion, unsupported by proof and speculative theory. In other words, the plaintiff depends upon the fact that the rope broke and the waiter or elevator fell. This was not sufficient to establish his cause of action. It was necessary for him to prove something, either showing negligence *per se,* or from which it might be presumed or inferred. The rule *res ipsa loquitur* does not apply, except where contractual relations exist between the parties. *Wiedmer* v. *Railroad Co.,* 114 N. Y. 468, 21 N. E. Rep. 1041; *Cosulich* v. *Oil Co.,* (N. Y.) 25 N. E. Rep. 259. The learned justice delivering the opinion in the last case said the court below failed to recognize a distinction which has been carefully guarded by the courts of this state, as well as by nearly all of the jurisdictions in the country, between actions founded on negligence, where no contract existed between the parties, and those in which the defendant owed no other duties than to use such ordi-

nary care and caution as the nature of the business demanded to avoid injury to others; and it is said, (see 2 Thomp. Neg. 1227,) but it is believed that it is never true, except in contractual relations, that the proof of the mere fact that the accident happened to the plaintiff will amount to *prima facie* proof of negligence on the part of the defendant. The cases in confirmation of this rule might be multiplied, but that is deemed unnecessary. The exceptions taken to a refusal to permit proof of what the person said supposed to be in charge of the premises, in regard to the elevator or dumb-waiter, are of no value. There was no evidence that he was charged with any power to represent the defendant in any respect, or that he was the janitor of the building, so called. There is no value, either, in any of the other exceptions. The plaintiff's dif ficulty was the absence of the essential proof mentioned, and all the attempts to supply it by collateral circumstances failed, for the reason that the testimony offered was not admissible. The complaint was, for these reasons, properly dismissed, and the exceptions should be overruled, and the defendant should have judgment, with costs. All concur.