SUSAN LOWNER *vs.* NEW YORK, NEW HAVEN, AND
HARTFORD RAILROAD COMPANY.

Suffolk.   December 7, 1899. — January 4, 1900.

Present: HOLMES, C. J., KNOWLTON, BARKER, HAMMOND, & LORING, JJ.

*Personal Injuries occasioned by Fall of Pail from Railroad Bridge —*
*Question for Jury.*

At the trial of an action for personal injuries caused by a pail of sand falling upon
the plaintiff's head as he was walking upon a street, and coming out from under
a railroad bridge in the possession of the defendant railroad, there was testi-
mony that there was more or less of a practice on the part of people living in
the neighborhood to walk across the bridge, although they were trespassers,
and it also appeared that a witness of the accident who went at once up to the
track saw no one there, except a switchman coming toward the bridge from a
switch house. *Held,* that while there was only inference to show who was
responsible for the fall, the jury would have been warranted in inferring that
it was the defendant, and that the question should have been submitted to
them.

TORT, for personal injuries.   Trial in the Superior Court,
before *Blodgett,* J., who directed the jury to return a verdict for
the defendant; and the plaintiff alleged exceptions, which appear
in the opinion.

*G. W. Anderson,* (*S. A. Fuller* with him,) for the plaintiff.

*C. F. Choate, Jr.,* for the defendant.

HOLMES, C. J.   This is an action for personal injuries caused
by a pail of sand falling upon the plaintiff's head as she was
walking upon a street and coming out from under a railroad
bridge in the defendant's possession.   The court directed a ver-
dict for the defendant, and the question is whether the plaintiff
was entitled to go to the jury.   The evidence clearly warranted
a finding that the pail fell from the bridge, and the fact of its
falling upon the plaintiff warranted a finding of negligence.
*Hogan* v. *Manhattan Railway,* 149 N. Y. 23.   See *Kearney* v.
*London, Brighton, & South Coast Railway,* L. R. 6 Q. B. 759.
But there was only inference to show who was responsible for
the fall, and the question as narrowed is whether the jury would
have been warranted in inferring that it was the defendant.

There was testimony that there was more or less of a practice on the part of people living in the neighborhood to walk across the bridge, and, although they were trespassers, the suggestion is that so long as the fact was so, the pail may as well have come from one of them as from a servant of the railroad. On the other hand a witness of the accident who went at once up to the track saw no one there, except a switchman coming toward the bridge from a switch house. Therefore the jury would have been warranted in inferring that the pail had been left on the bridge by somebody, and did not fall from a person's hands. If they found this to have been the fact, they might find further that the defendant was so much more likely than any one else to leave a pail of sand in that place that they would infer that it did leave the pail there. They might consider this inference as made more reasonable by the contents of the pail. Notwithstanding what is said as to present methods of sprinkling sand on tracks and as to the absence of need for it at that time of the year (May), they well might think that, taking place and contents together, the chances were so much against the defendant as to make its responsibility a good deal more than a guess. If they should think so we could not say that they were wrong.

*Exceptions sustained.*