KATE WADSWORTH *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    November 11, 1902. — February 25, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, & HAMMOND, JJ.

*Negligence, Res ipsa loquitur.    Street Railway.*

A street railway company, maintaining a railway on the surface of a street and above it an elevated structure for the running of trains, is not liable to a passenger in one of its open surface cars who is injured by sawdust, falling from overhead with shavings and a piece of wood, and blowing into his eye, while the car is passing beneath the elevated structure, if the cause of the fall of the

shavings, sawdust and piece of wood does not appear and is wholly a matter of conjecture.

The doctrine of *res ipsa loquitur* applies only when the circumstances are such as to afford just ground for a reasonable inference that according to ordinary experience the accident would not have occurred except for the want of due care. If causes other than the negligence of the defendant might have produced the accident, the plaintiff is bound to exclude the operation of such causes by a fair preponderance of the evidence.

TORT by a passenger in an electric car of the defendant for an injury caused in the manner described ·by the court. Writ in the Municipal Court of the City of Boston dated June 26, 1901.

On appeal to the Superior Court the case was tried before *Maynard,* J., who refused to rule that as a matter of law the plaintiff could not recover, and submitted the case to the jury. The jury returned a verdict for the plaintiff in the sum of $425; and the defendant alleged exceptions.

*E. P. Saltonstall,* for the defendant.

*N. L. Sheldon, (H. Hastings* with him,) for the plaintiff.

MORTON, J. This is an action of tort for personal injuries received on May 17, 1901, by the plaintiff while riding in one of the defendant's open cars in Boston. The plaintiff's testimony tended to show that she boarded the car in Dewey Square and as it reached the side door of the South Station some shavings, sawdust and a piece of wood fell from overhead and the sawdust blew into the car and got into her eye causing the injuries complained of. On cross-examination the plaintiff testified that it seemed as though it had been thrown down after the man got through his work, and that the wind carried it into the car, but she did not know whether it was thrown down or whether it blew down, and that the same effect would have been produced if the wind had carried it down. There was a verdict for the plaintiff and the case is here on exceptions by the defendant to the refusal of the judge to rule that on all of the evidence the plaintiff was not entitled to recover.

The exceptions assume that there was an elevated structure belonging to the defendant which ran overhead at the place where the accident occurred, and the plaintiff's contention is that the shavings, sawdust and piece of wood fell in consequence of negligence on the part of the defendant, or its servants or agents while at work or engaged upon the elevated structure.

There is nothing to show what caused them to fall. For aught that appears the wind may have blown them down. There was testimony tending to show that at the time the wind was blowing from fourteen to nineteen miles an hour with a maximum velocity of twenty-two miles an hour. The statement of the plaintiff that it seemed as though they had been thrown down was immediately followed by the statement that she did not know whether they were thrown down or blown down, and the effect of her testimony was to leave the cause of the fall entirely uncertain. Aside from the fall of the sawdust, shavings and wood there was not even testimony tending to show that any one was at work on the elevated structure at the place where the accident occurred. The cause of the fall is entirely a matter of conjecture. The plaintiff invokes the doctrine of *res ipsa loquitur*. But that applies only when the circumstances are such as to afford just ground for a reasonable inference that according to ordinary experience the accident would not have occurred except for the want of due care. It was held in the cases relied on by the plaintiff and in others referred to by the defendant that there was ground for such an inference. See *Lowner* v. *New York, New Haven, & Hartford Railroad*, 175 Mass. 166 ; *Manning* v. *West End Street Railway*, 166 Mass. 230; *Graham* v. *Badger*, 164 Mass. 42 ; *Jager* v. *Adams*, 123 Mass. 26 ; *Kearney* v. *London, Brighton, & South Coast Railway*, L. R. 6 Q. B. 759 ; *Hogan* v. *Manhattan Railway*, 149 N. Y. 23.

But where as in the present case it is as inferable that the accident occurred without negligence on the part of the defendant or its servants or agents as that it did, the ground for such an inference is wanting. If causes, other than the negligence of the defendant or its servants or agents, might have produced the accident, the plaintiff was bound to exclude the operation of such causes by a fair preponderance of the evidence. *Kendall* v. *Boston*, 118 Mass. 234. *Searles* v. *Manhattan Railway*, 101 N. Y. 661. *Wiedmer* v. *New York Elevated Railroad*, 114 N. Y. 462.

It cannot be held that the mere presence of sawdust and shavings and a piece of wood on the elevated structure was of itself evidence of negligence, and there is nothing to show that if the iron flooring under the tracks had been extended beyond the sides of the tracks the falling of the sawdust would or might have been prevented.              *Exceptions sustained.*