ALONZO N. BURBANK *vs.* EDWARD J. HAMMOND.

Suffolk.    June 20, 1905. — September 13, 1905.

Present: KNOWLTON, C. J., MORTON, BARKER, LORING, & BRALEY, JJ.

*Agency.    Evidence.*

In an action of tort for alleged false and fraudulent representations of the defendant whereby the plaintiff was induced to make an exchange of real estate with the defendant, a letter written by the plaintiff's broker in the transaction six weeks after the conclusion of his agency, containing a statement that at the time of the transaction he knew of certain facts which the plaintiff contends were fraudulently concealed from him by the defendant, is not admissible, although the writer at the date of the letter was employed by the plaintiff to take care of the property, this being a distinct and independent employment, giving him no authority to make declarations affecting the plaintiff in the previous transaction.

TORT for alleged false and fraudulent representations.    Writ dated September 19, 1902.

At the trial in the Superior Court before *Hitchcock*, J. the jury returned a verdict for the defendant; and the plaintiff alleged exceptions to the admission in evidence against his objection of the letter which is described in the opinion.

*F. T. Benner & S. H. Foster*, for the plaintiff.

*C. F. Choate, Jr.*, for the defendant.

KNOWLTON, C. J.    This is an action of tort to recover damages for false representations alleged to have been made by the defendant as an inducement to an exchange of real estate.    At the trial there was evidence tending to show that the defendant represented his property as then producing income amounting to more than $6,000 per year, in the form of rent under five different leases yielding $1,000 each, and the use of another tenement occupied by the defendant's family, whose estimated annual rental value was $1,200.    There was proof that the defendant was then allowing to several of the tenants substantial rebates from the rent called for by the leases, and the principal question at the trial was whether this fact was concealed from the plaintiff, or disclosed to his agent, the broker through whom the negotiations on his part were conducted.

The exchange was consummated by the delivery of the deeds and the payment of the money on May 20, 1902. The defendant, to prove his disclosure of these rebates to the plaintiff, was allowed to put in evidence a letter in the handwriting of the plaintiff's broker, dated June 30, 1902, which contained language tending to show that the writer knew of the rebates. This was about six weeks after the conclusion of his agency for the plaintiff. His right to represent his employer in making statements about the business had been terminated. He was then employed to take care of the property; but this was a distinct and independent employment, which gave him no authority to make declarations to affect the plaintiff in regard to what occurred in the previous negotiations for the exchange of the property. It is familiar law that the declarations or representations of an agent cannot be used as evidence against his principal, unless they are made within the scope of his employment. *Stiles* v. *Western Railroad,* 8 Met. 44. *Sumner* v. *M'Neil,* 12 Met. 519. *Lane* v. *Bryant,* 9 Gray, 245. *Williamson* v. *Cambridge Railroad,* 144 Mass. 148. *Geary* v. *Stevenson,* 169 Mass. 23, 31. Very likely this declaration in writing influenced the jury to return their verdict for the defendant.

The evidence having been admitted erroneously, the entry must be

*Exceptions sustained.*