JOHN McNICHOLAS *vs.* NEW ENGLAND TELEPHONE
AND TELEGRAPH COMPANY.

Suffolk.     March 19, 1907. — June 20, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, SHELDON, & RUGG, JJ.

*Evidence*, Presumptions and burden of proof, Circumstantial, Statement of agent. *Negligence*. *Agency*, Scope of employment.

At the trial of an action against a telephone company to recover for personal injuries alleged to have been received by the plaintiff from his being struck on the head by an insulator dropped from a pole by an employee of the defendant, there was evidence tending to show that, as the plaintiff, a boy seven years of age, was standing in the middle of a street a " piece of marble-like " came down and struck him on the forehead, that a man was working on some wires on a pole

above him at the time, that wires owned and controlled by the defendant were on the pole and a wagon bearing the defendant's name was standing near, that no other men were working in the vicinity, that the defendant at the time of the accident was using white porcelain insulators on such poles, that the line-men of the defendant were instructed, in case of accidents, among other things to report the matter to the general or head foreman and take the name and address of the injured person, that after the accident the plaintiff brought his mother to the place and pointed out to her the man on the pole, that the man followed them home and into the house and then left and returned with another man who took the name and address of the plaintiff and his mother. *Held*, that the plaintiff was not bound to point out the exact way in which the accident occurred, nor to exclude the possibility that it might have happened in some other way than that alleged by him, and *also*, that there was evidence upon which the jury were warranted in finding that the plaintiff was injured by reason of a negligent act of an employee of the defendant acting within the scope of his employment.

At the trial of an action for personal injuries alleged to have been caused by the dropping of a porcelain insulator from a pole upon the plaintiff's head by a line-man of the defendant, there was evidence warranting a finding by the jury that the lineman was employed by the defendant and was acting within the scope of his employment, that the linemen of the defendant were under instructions, in case of an accident to any one, to report to the general or head foreman and get instructions, to call a doctor, to send the injured person to a hospital if neces-sary, and to take his name and address, that after the accident the lineman followed the plaintiff home and entered the house, then went away and returned with another man who in the presence of the lineman took the plaintiff's name and address and said to the plaintiff's mother, "Don't worry. It is nothing to be worried about blood poisoning for. This is the kind that hit him," re-ferring to a marble-like material which he took from his pocket. The defend-ant excepted to a ruling of the presiding judge allowing the introduction in evidence of this statement. *Held*, that there was evidence from which an infer-ence would be warranted that the statement was made by a superior of the lineman within the scope and in the exercise of his employment, and that there-fore it was admitted rightly.

TORT for personal injuries received by the plaintiff from being struck upon the head by an insulator alleged to have been dropped from a pole by reason of negligence on the part of a lineman in the employ of the defendant.   Writ in the Municipal Court of the City of Boston dated April 31, 1904.

On appeal to the Superior Court, the case was tried before *Wait*, J., and there was a verdict for the plaintiff subject to an exception by the defendant to a refusal of the presiding judge to direct the jury to return a verdict for the defendant.   There also was exception by the defendant to the admission of certain evidence.

All material facts are stated in the opinion.

The case was submitted on briefs.

*S. L. Powers & E. K. Hall*, for the defendant.

*W. H. Shea*, for the plaintiff.

RUGG, J. 1. The question of the defendant's negligence properly was left to the jury. The defendant introduced no evidence except medical testimony. The plaintiff testified that he was seven years old at the time of the accident, which occurred on April 18, 1902, at a little after half past three in the afternoon; that, as he was standing in the middle of the street, " a piece of marble-like came down and struck me in the forehead " (making a motion from above downward with his hand); that there was a man working on the wires on a pole, which was about twelve or fifteen feet away, and that it was the man on the pole who hit him; that there was a team near the pole on which was printed the name of the defendant; that he saw nobody working on the roofs in the vicinity and that there were no other children near by except two boys who were with him; that after going home and receiving some attention for his wound, he returned with his mother to the place of the accident, and pointed out the man, who was still working on the pole, to his mother; that the man came down the pole, followed them home, and came into the house; that he went out and soon after returned with another man, who took the name and address of the plaintiff and that of his mother. Parts of the boy's testimony were somewhat shaken or modified by cross-examination, but the jury were warranted in giving weight to those portions most favorable to himself, if his appearance, in their opinion, justified it. Other evidence tended to show that the team, marked with the name of the defendant, was in substantially the same place in the morning and that there were no other men working in the vicinity; that the pole in question was owned by the Boston Electric Light Company, but carried fourteen wires of the defendant, two of which were on the under side of an arm of the Electric Light Company. A sub-foreman of the defendant, who had been in its employ as a lineman for many years, testified, without objection, that the defendant in 1902 was using a porcelain insulator which was white in color somewhat resembling marble, and that when wires were run on the under side of a cross-arm they were attached sometimes to porcelain insulators; that the linemen of the defendant had " instructions from their foreman

as to their conduct in cases of accident; that these instructions directed them to call a doctor, to report the matter to the general or head foreman or superintendent and get instructions, to send the injured person to a hospital if necessary, and to take the names and addresses of injured persons." This combination of circumstances justified an inference on the part of the jury, that, in view of the defendant's ownership of the wires, the presence of the wagon during the labor of the man on the pole, and the actions of that man after the accident, which were in accordance with the duties of a lineman of the defendant, the man on the pole was an employee of the defendant, and that he occasioned the dropping of an insulator, which caused the injury to the plaintiff. The plaintiff is not bound to point out the exact way in which the accident occurred nor to exclude the possibility that it might have happened in some other way than that claimed by him. He is obliged only to show by a preponderance of evidence that it occurred through the neglect of the defendant. In *McGee* v. *Boston Elevated Railway*, 187 Mass. 569, *Wadsworth* v. *Boston Elevated Railway*, 182 Mass. 572, and *Saxe* v. *Walworth Manuf. Co.* 191 Mass. 338, the cause of the accident was left wholly to conjecture. In the first two of these cases the objects causing the injury to the plaintiff were shavings and snow respectively, common materials which might have come from other sources than the business of the defendant. The decision of *Hofnauer* v. *R. H. White Co.* 186 Mass. 47, was rested on the doctrine of assumption of risk. *Kendall* v. *Boston*, 118 Mass. 234, also relied upon by the defendant, is distinguishable on the ground that there were many other persons in the vicinity and it was not shown that the act of some of these may not have caused the harm. Here, the employee of the defendant was the only person upon the pole and likely to have possession or control of an object like that which struck the plaintiff. This branch of the case falls within *Lowner* v. *New York, New Haven, & Hartford Railroad*, 175 Mass. 166, *Melvin* v. *Pennsylvania Steel Co.* 180 Mass. 196, *Woodall* v. *Boston Elevated Railway*, 192 Mass. 308. It may well have been found that the porcelain was dropped by the lineman in the course of his employment. *Hankinson* v. *Lynn Gas & Electric Co.* 175 Mass. 271.

2. The plaintiff's mother testified that the man, who returned

with the man who had been working upon the pole, came into the house, produced from his pocket a piece of something resembling white marble or crockery ware, saying, " Don't worry. It is nothing to be worried about blood poisoning for. This is the kind that hit him," referring to the marble-like material, which he had taken from his pocket. To this testimony the defendant duly excepted. The law respecting evidence of this character is plain. The only difficulty lies in the application of it. Declarations of an agent are not admissible against the principal unless they are made within the scope and course of his employment. *Burbank* v. *Hammond*, 189 Mass. 189. There was evidence to show that it was the duty of a lineman of the defendant, in case of an accident, to report to the general or head foreman or superintendent and get instructions, to send the injured person to a hospital, if necessary, and to take the names and addresses of injured persons. The person on the pole, whom the jury must have found in view of their verdict to have been an employee of the defendant, followed the plaintiff and his mother to their home but left without doing anything and a few minutes later returned with a man, who took upon himself the active performance of the duty, encumbent upon the lineman, of getting the name and address of the injured person. This circumstance fairly justified the inference that he was a superior to the lineman, upon whom devolved duties similar to those resting on the lineman respecting accident cases. However, he apparently only performed those of the lineman and in the latter's presence. It being the duty of one or the other to ascertain the extent of the injuries of the plaintiff and send him to the hospital if necessary, the statement objected to appears to have been within the scope of that agency, and may have been calculated not only to reassure the plaintiff's mother, but to draw out a statement of any other injuries than those obvious upon the boy's face. This being so, the statement was not a narrative of a past event, nor an admission of liability, but within the scope and in the exercise of his employment. *McDonough* v. *Boston Elevated Railway*, 191 Mass. 509. On this ground the evidence is plainly different from declarations by motormen, engineers and other employees, as to the way in which an accident occurred or as to their own negligence, which have been uniformly excluded as not being

made in the performance of their duty, and therefore not binding upon the defendant.   *Cole* v. *New York, New Haven, & Hartford Railroad,* 174 Mass. 537.   *Robinson* v. *Old Colony Street Railway,* 189 Mass. 594.   *Williamson* v. *Cambridge Railroad,* 144 Mass. 148.   *Blackman* v. *West Jersey & Seashore Railroad,* 39 Vroom, 1.   *Bachant* v. *Boston & Maine Railroad,* 187 Mass. 392.

*Exceptions overruled.*