CHAUNCEY C. HATHAWAY & another *vs.* CONGREGATION OHAB SHALOM.

CONGREGATION OHAB SHALOM *vs.* CHAUNCEY C. HATHAWAY.

Suffolk.    November 20, 1913. — February 26, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Practice, Civil,* Correction of docket entries, Rules of court, Exceptions. *Evidence,* Competency. *Contract,* Construction, Building contract. *Agency,* Scope of authority.

By successive orders of the Superior Court, the time for the presentation and allowance of exceptions of a defendant in a certain case pending in Suffolk County was extended under Rule 64 of the Superior Court to a June 9, on which date a judge of that court orally ordered a further extension to July 1. The clerk of the court was not notified of the last order, and no docket entry of it was made before June 16, the time when under Rule 64 and the General Order of the

Superior Court of July 11, 1913, relating to business in Suffolk County, the case would have gone to judgment. No docket entry of a judgment was made. On June 24 on motion of the defendant the judge made an order which was entered on the docket as "Judgment vacated and time for allowance of exceptions extended to July 1, as of June 9," and on the same day the judge allowed a substitute bill of exceptions. Two days later he entered an order striking the above quoted entry from the docket, and stating the extension of time for the allowance of the exceptions. *Held*, that no judgment was entered on June 16, and that the action of the judge in correcting a clerical error in the record was within his power and was correct.

It is not open to a party excepting to the exclusion of evidence, which was offered as tending to prove a certain fact and rightly was excluded as inadmissible for that purpose, to contend that the evidence was admissible for a different purpose.

A letter, written by the architect named in a building contract to the owner, stating, "I want to inform you that" the contractor "has stopped work on the" building "this day and says that he is not going to do anything about it. Not knowing what the cause is, I thought it best to notify you of the same," cannot be said to be a certificate issued by the architect in compliance with a provision of the contract authorizing the architect to certify the fact that the contractor had failed "to prosecute the work with promptness and diligence."

An exception to the exclusion of a letter, which was offered in evidence as a whole, cannot be sustained if part of the letter was incompetent.

Where, at the trial of an action against a builder upon a building contract, a letter signed by the defendant's superintendent is offered in evidence by the plaintiff as containing an admission binding upon the defendant, it is for the presiding judge first to determine whether the writer of the letter, in making such an admission, acted within the scope of his authority.

A letter, signed as architect by one named as such in a building contract, who also was employed by the contractor in the construction of the building as his foreman or superintendent of construction, in which the architect notifies the owner that the contractor had stopped work and "says that he is not going to do anything about it," is not admissible in evidence at the trial of an action by the owner against the contractor for a breach of the contract, as an admission binding upon the defendant, because the making of such an admission was not within the scope of the authority of the writer of the letter.

CONTRACT upon a contract in writing whereby the plaintiffs, Chauncey C. and A. Judson Hathaway as copartners, agreed to construct a synagogue in Chelsea for the defendant. Writ dated May 5, 1909; also

CONTRACT upon the same contract by the defendant in the first action against Chauncey C. Hathaway as the surviving member of the partnership who were the plaintiffs therein, alleging breaches of the same contract. Writ dated May 25, 1909.

The actions were tried together before *Fessenden*, J. The material facts are stated in the opinion. There was a verdict for

the plaintiffs in the first action in the sum of $2,839.28, and for the defendant in the second action; and the Congregation Ohab Shalom alleged exceptions.

Exceptions taken by the plaintiffs in the first action and the defendant in the second as to the allowance by the judge, under circumstances stated in the opinion, of a motion correcting the docket entries in the case were reported by the judge to this court for determination.

Rule 64 of the Superior Court, referred to in the opinion, is as follows:

"In all causes in which bills of exceptions have been filed and remained without action thereon for three months, the clerk shall forthwith notify the parties interested that unless within thirty days thereafter the bill of exceptions is presented to the presiding justice for allowance, it will be dismissed and judgment will be entered as though no exceptions had been filed.

"If within said thirty days the bill of exceptions is not allowed, or an order extending the time for hearing and allowance thereof made in the cause, the exceptions shall be dismissed as of course and judgment be entered as though no bill of exceptions had been filed."

The General Order of the Superior Court as to business in Suffolk County, adopted January 11, 1913, is as follows:

"On and after Monday, April 7, A. D. 1913, in the county of Suffolk, judgments in civil actions and proceedings which are ripe for judgment shall be entered at ten o'clock in the forenoon on Monday of each week, or on the next day thereafter when said Monday is a legal holiday, unless the party entitled thereto otherwise requests in writing.

"No action or proceeding shall be regarded as ripe for judgment until the period for filing exceptions has expired, and, upon defaults, until after four days from the default."

*Lee M. Friedman,* for the Congregation Ohab Shalom.

*H. R. Morse,* (*W. N. Poland* & *C. W. Dealtry* with him,) for Hathaway and another.

RUGG, C. J.    A question of practice lies at the threshold.    The time within which exceptions might be allowed had been extended several times, one of these extensions expiring on June 9, 1913. On that date and within the time for allowing exceptions, upon

motion of counsel for the Congregation Ohab Shalom of Chelsea, which hereafter will be referred to as the defendant, further extension until July 1, 1913, was granted orally by the court, but no memorandum to that effect was filed, nor was the clerk informed at the time. On June 24 substitute exceptions were filed and allowed. This action was within the power of the court. Rule 64 of the Superior Court. St. 1911, c. 212. *Frank, petitioner,* 213 Mass. 194. If the time for allowing exceptions had not been extended on June 9 the case would have gone to judgment under General Order of the Superior Court for Suffolk County, adopted January 11, 1913, on the following Monday, June 16. R. L. c. 177, § 1, as amended by St. 1912, c. 190. The material docket entries are: "June 24 Judgment vacated by order of court and time for allowance of exceptions extended to July 1, 1913, as of June 9, 1913. June 24 Plaintiff's Substitute Bill of Exceptions allowed and filed. June 26 Direction of Court as to entries as to exceptions and vacating of judgment. (See paper No. 13.)" Paper No. 13 was a direction from the trial judge to the clerk stating the extension granted on June 9 and directing that the first docket entry quoted above under June 24 "be stricken out the same having been made by mistake." *

No error of law in this respect is disclosed. The case did not go to judgment under the rule on June 16. No docket entry to this effect was made. The time for allowing exceptions having been extended lawfully until July 1, although by oversight no record of this fact was made contemporaneously, no judgment rightly could have been entered. The case is not like *Davis* v. *National Life Ins. Co.* 187 Mass. 468, *Shawmut Commercial Paper Co.* v. *Cram,* 212 Mass. 108, and like cases where judgment actually was entered. The written direction by the judge to the clerk shows that the first docket entry of June 24 was a clerical mistake. As changed by this direction the record was made true. The

---

* The report of the judge states:

"On June 24, 1913, the plaintiff [in the second action] filed a substitute bill of exceptions which was allowed by the court, and by the direction of the court an entry was on the same day made upon the docket vacating the judgment entered on June 16, 1913, and extended the time for the allowance of the plaintiff's bill of exceptions to July 1, 1913, said extension to be as of June 9, 1913."

power of the court to correct clerical errors appearing on its records is ample. This direction of the trial judge was well within his power. *Karrick* v. *Wetmore*, 210 Mass. 578, and cases there cited. *Randall* v. *Peerless Motor Car Co.* 212 Mass. 352, 387. Hence the cases are rightly here on exceptions.

The only other question presented is one of evidence. The defendant made a contract with the plaintiff whereby the latter contracted to build a synagogue. The plaintiff entered upon the performance of the contract, and later stopped work upon it. A material issue to be determined was whether this cessation of work occurred before or after the first of May. As bearing upon this point, the defendant offered in evidence the following letter:

"Boston, April 30 — 1909.

Mr. Freedman,

President of Congregation:

I want to inform you that Mr. Hathaway has stopped work on the Synagogue this day and says that he is not going to do anything about it. Not knowing what the cause is, I thought it best to notify you of the same.

Yours respectfully,

L. McCully, Architect."

The trial judge excluded the letter. The defendant excepted.

It is contended, first, that this was error, because McCully was named as architect in the contract between the parties and as such was clothed with authority to certify the fact that the contractor had failed "to prosecute the work with promptness and diligence." This does not appear to be the ground upon which it was offered. It is a familiar rule that evidence offered for one purpose and rightly excluded cannot be contended in an appellate court to be competent for another purpose. *Commonwealth* v. *Min Sing*, 202 Mass. 121, 128. But plainly this letter was not written under his authority as architect. Neither in fact nor in substance was it a certificate, nor did the writer undertake to certify anything more than that on the day it was written there had been a cessation of work accompanied by an oral statement. The letter is a mere notification of this fact. It does not purport to be a determination that there has been a failure to prosecute the work with promptness and diligence.

It further is contended that the letter was admissible on the ground that McCully was an agent of the defendant. Narrowly construed, the letter was incompetent in part as being plainly a hearsay statement of words spoken by the defendant. It being incompetent in part and offered as a whole, exception to its exclusion could not be sustained. *Abbott* v. *Pearson,* 130 Mass. 191, 193. See *Durgin* v. *Somers,* 117 Mass. 55, 61.

But construing the exception more broadly, no error is shown. Whether McCully was an agent authorized to write such a letter in behalf of the plaintiff was a preliminary question to be determined in the first instance by the presiding judge. *Dexter* v. *Thayer,* 189 Mass. 114, at 115. *Slotofski* v. *Boston Elevated Railway,* 215 Mass. 318, 320. A careful examination of the evidence fails to disclose any authority conferred by the plaintiff upon McCully comprehensive enough to include the writing of this letter. McCully did not testify. The evidence was conflicting upon the point whether McCully was foreman of the plaintiff in the construction of the synagogue. Assuming in favor of the defendant that there was ample evidence of such employment, this did not go far enough to warrant the inference of authority to write such a letter. It did not purport to be written in that capacity, for it was signed "architect," a position which the writer held by virtue of the contract between the parties and not by virtue of employment by the plaintiff. A foreman or superintendent of construction in charge of a building for a resident contractor has as such no implied authority to bind his principal in making admissions touching the general conduct of the work. The substance of the letter is not a statement in the line of his duty nor within the scope of his apparent authority, but a narration of a past event. Hence it was not binding upon the plaintiff. *Bachant* v. *Boston & Maine Railroad,* 187 Mass. 392. *McNicholas* v. *New England Telephone & Telegraph Co.* 196 Mass. 138 at 142. *McKenna* v. *Gould Wire Cord Co.* 197 Mass. 406, 412. *Murphy* v. *Fred. T. Ley & Co.* 210 Mass. 371, 373. The case at bar is distinguishable in this respect in its facts from those in decisions like *Anthony & Cowell Co.* v. *Brown,* 214 Mass. 439.

*Exceptions overruled.*