MARGARET GUNNING *vs.* D. WEBSTER KING & others.

Suffolk.   November 13, 1917. — January 5, 1918.

Present: RUGG, C. J., CROSBY, PIERCE, & CARROLL, JJ.

*Negligence,* In leaving coal hole open, *Res ipsa loquitur.*

Where the iron cover of a coal hole in a sidewalk, that ordinarily fitted in a rabbet
and was held in position by its own weight and also was held in place by a weight
fastened by a heavy wire to a ring in the bottom of the cover, was found at half
past three o'clock in the morning on the sidewalk eight or nine inches away from
the hole with nothing attached to it and there was nothing to show when, by
whom or for what purpose the cover was removed, a traveller who was injured
by stepping into the hole at this time under these conditions, cannot maintain on
these facts an action against the person in control of the building to which the
coal hole appertained, because these facts are not evidence of negligence on his
part.

The presence on a sidewalk of a coal hole cover eight or nine inches from the un-
covered hole is not in itself evidence of negligence on the part of the person
controlling the building served by the coal hole.

TORT against the lessees and the sublessees of the building
numbered 272 on Franklin Street in Boston for personal injuries
sustained at about half past three o'clock on the morning of June
28, 1907, by reason of stepping into an open coal hole in the side-
walk in front of that building when the plaintiff was walking
down Franklin Street on her way to her work. Writ dated
February 25, 1908.

In the Superior Court the case was tried before *King,* J. It was
admitted that the coal hole and cover at the time of the plaintiff's
injury were in the control of the sublessees. The defendants offered
no evidence on the question of liability. At the close of the plain-
tiff's evidence, which is described in the opinion, the judge ordered
a verdict for the lessees and submitted the case to the jury as
against the sublessees. The jury returned a verdict against those
defendants in the sum of $1,000; and at the request of those de-
fendants the judge reported the case for determination by this
court. If there was no evidence which justified the judge in sub-
mitting the case to the jury, judgment was to be entered for the
defendants; otherwise, judgment was to be entered on the verdict.

*W. U. Friend,* for the defendant sublessees.

*J. J. Walsh,* (*J. F. Lynch* with him,) for the plaintiff.

CARROLL, J. The plaintiff was injured by stepping into a coal hole in the sidewalk in front of the premises 272 Franklin Street, Boston, about thirty minutes after three o'clock on the morning of June 28, 1907. The iron cover, about a foot in diameter, was found at the time of the accident, eight or nine inches away from the hole. The cover fitted in a rabbet and was held in position by its own weight. It also was fastened by a weight held in place by a heavy wire fastened to a ring in the bottom of the cover. There was evidence that this weight was attached to prevent "it from being lifted at night by any one trying to get in, rather than anything else." When the cover was found, nothing was attached to it.

While the cover was not on the hole, there is nothing to show when or by whom it was removed. It may have been removed by the direction of the defendants and it may have been removed without their knowledge and against their will; it may have been taken off only a moment before the plaintiff was injured and it may have been removed a much longer time; but as to these facts we are left in doubt. It is entirely a matter of conjecture when, by whom and for what purpose the cover was removed. The negligence of the defendants, if any, was in having the hole open, but there is no evidence to show that the cover was removed by them or that they knew of it. There is, therefore, no evidence of negligence and the burden resting upon the plaintiff to establish this proposition has not been maintained. *Wadsworth* v. *Boston Elevated Railway,* 182 Mass. 572. *Childs* v. *American Express Co.* 197 Mass. 337.

The fact that nothing was attached to the cover at the time of the plaintiff's injury does not tend to show neglect of the defendants. No inference of negligence on the defendants' part could be drawn from that fact. Nor does the doctrine of *res ipsa loquitur* apply. The presence of the cover on the sidewalk, eight or nine inches from the hole, is not evidence which, according to ordinary experience, warrants the inference that it was there because the defendants were careless. *Obertoni* v. *Boston & Maine Railroad,* 186 Mass. 481. *Wadsworth* v. *Boston Elevated Railway, supra,* and cases cited. *Deagle* v. *New York, New Haven, &*

*Hartford Railroad,* 217 Mass. 23.   *Carney* v. *Boston Elevated Railway,* 212 Mass. 179.

According to the terms of the report judgment is to be entered for the defendants and it is

*So ordered.*