DANIEL S. DOUGLAS *vs.* HOLYOKE MACHINE COMPANY.

Worcester. September 29, 1919. — October 9, 1919.

Present: RUGG, C. J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Evidence,* Admitted without objection, Competency. *Agency,* Scope of employment. *Negligence,* Object thrown from building.

In an action against a machine company for personal injuries caused by the plaintiff being struck by an iron washer thrown from a window of the defendant's building by a machinist in the defendant's employ, there was evidence that after the accident the man who threw the washer said to the plaintiff,

"Excuse me, it is an accident. . . . It got away from me" and that "he didn't consider himself to blame for it." No objection was made to the testimony. *Held,* that the testimony was incompetent as against the defendant, such a statement not being within the scope of the authority of the machinist who made it, but that, having been admitted without objection, it should be given its probative force.

In the same case it was *held* that the statements above described were no evidence that the throwing of the washer was a part of the defendant's business or that the defendant was negligent.

In the case above described there was nothing in the record to show that the machinist who threw the washer made, or was required to make, any use of the washers in the course of his employment. The general manager of the defendant testified that there were damaged and worn-out washers in the shop and that these were put into the scrap, that he could not tell whether sometimes employees threw them out of the window. There was no evidence tending to show that any washer ever had been thrown into the street before or that this was a customary disposition of them by the employees of the defendant or that the washer that hit the plaintiff was broken, disused or worn, or that the machinist in the course of his employment had anything to do with washers, and the most that could be found in favor of the plaintiff was that the washer that injured the plaintiff came out of a window of the defendant's building by the act of one of its employees, without any indication that this was done in furtherance of the defendant's business. *Held,* that a verdict ought to have been ordered for the defendant.

Tort for personal injuries sustained by the plaintiff at about two o'clock in the afternoon of August 31, 1916, when the plaintiff was walking on the sidewalk of Thomas Street, a public way in Worcester, by reason of being hit by an iron washer that came through a window of the adjoining building occupied by the defendant. Writ dated January 18, 1917.

In the Superior Court the case was tried before *Fox,* J. The evidence is described in the opinion. At the close of the evidence the defendant filed a motion that the judge order a verdict for the defendant. The judge denied the motion and submitted the case to the jury, who returned a verdict for the plaintiff in the sum of $135. The defendant alleged exceptions.

*E. G. Norman,* for the defendant.

*P. T. Dolan,* for the plaintiff.

Rugg, C. J. This is an action of tort, wherein the plaintiff seeks to recover compensation for personal injuries sustained by him while travelling upon Thomas Street, a public way in Worcester, from being hit by an iron washer which came through a window of a building nearby occupied by the defendant. The decisive question is whether there was any evidence to warrant

a finding that the washer came through the window by reason of any act of negligence for which the defendant was responsible.

There was testimony that the plaintiff did not see the washer until it hit him, when he saw it on the sidewalk. He then turned, looked into the window, and saw one Williamson within the building four or five feet from an upright drill; that he had some talk with Williamson, who said, "Excuse me, it is an accident. . . . It got away from me. . . . He [Williamson] said it was an accident and he didn't consider himself to blame for it." In substance this testimony as to the conversation was repeated in the examination of Williamson himself. Such testimony was incompetent as against the defendant, the making of statements of that nature plainly not being within the scope of the authority of Williamson, *McNicholas* v. *New England Telephone & Telegraph Co.* 196 Mass. 138, 142, *Hathaway* v. *Congregation Ohab Shalom,* 216 Mass. 539, 544; but having been admitted without objection, it was entitled to its probative force. *Hubbard* v. *Allyn,* 200 Mass. 166, 171. There is no indication in this statement, however, that this act occurred as a part of the master's business, or that it was negligent.

The testimony of Williamson, who was a witness at the trial, was to the effect that he threw the washer to attract the attention of a friend, who was passing on the opposite side of the street, and not for any purpose of his employment. The judge rightly instructed the jury that, if they believed his testimony, they must find for the defendant. But since they might have disbelieved this testimony, or that part of it favorable to the defendant, *Commonwealth* v. *Russ,* 232 Mass. 58, 70, the case must be considered in its other aspects most favorable to the plaintiff. Williamson was a machinist in the employ of the defendant. His work at the time in question was on a drill. He was standing at a bench where the tools were and "where all the washers were. . . . The washers were on a nail on the wall." The only testimony as to the use made of the washers was to the effect that they were bolted to the drill table. There is nothing in the record to show that Williamson, in the course of his employment made, or was required to make, any use of the washers. The general manager of the defendant testified amongst other matters that there were damaged and worn-out washers in the shop, and that these were

put into the scrap; that he could not tell whether sometimes employees of the defendant threw them out the window; that he did not care if they did so long as he was not hit; that he supposed sometimes they threw things out of the window and that he would not discharge an employee "for anything like that." There was no evidence tending to show that any washer had actually ever been thrown into the street before, or that that was a customary disposition of them by the employees of the defendant, or that the one which hit the plaintiff was broken, disused or worn, or that Williamson in the course of his employment had anything to do with washers.

The rule of law governing the responsibility of a master for the act of his servant has been stated frequently. The master is liable for an injury done to a third person by the servant acting within the scope of his employment, for the purpose of executing his orders and doing his work, but not when the servant, disregarding either momentarily or for a longer period the object of his employment and not pursuing his duty as employee, executes a design of his own. If the act of the servant is performed in the course of doing his master's work, in carrying out the master's directions, or in accomplishing his master's business, then the latter will be answerable whether the wrong be merely negligent, or wanton and reckless. *Howe* v. *Newmarch,* 12 Allen, 49. *Levi* v. *Brooks,* 121 Mass. 501. *Robinson* v. *Doe,* 224 Mass. 319.

The responsibility of common carriers to their passengers for acts of their servants in the course of their employment is more stringent. That rests, however, upon the high degree of care and diligence imposed upon common carriers with respect to those whom they undertake to transport. *Hayne* v. *Union Street Railway,* 189 Mass. 551. *Jackson* v. *Old Colony Street Railway,* 206 Mass. 477. A different rule obtains in some other cases where the plaintiff and the defendant are under contractual relations to each other and the tort, for which action is brought, is founded on a breach of contract. *Vannah* v. *Hart Private Hospital,* 228 Mass. 132. The plaintiff and the defendant in the case at bar were strangers to each other and their respective rights and liabilities depend upon the law of torts wholly unaffected by any contract.

Guided by these principles, we are unable to discover in this record evidence of negligence for which the defendant is liable.

The most that could have been found is that the washer which injured the plaintiff came out of the window of the defendant's building by the act of one of its employees, without any indication whatever that this was an act done in furtherance of the defendant's business.

The case falls within the class illustrated by *Bowler* v. *O'Connell*, 162 Mass. 319, *Brown* v. *Boston Ice Co.* 178 Mass. 108, *Wadsworth* v. *Boston Elevated Railway*, 182 Mass. 572, *Fairbanks* v. *Boston Storage Warehouse Co.* 189 Mass. 419, *Berry* v. *Boston Elevated Railway*, 188 Mass. 536, *Saxe* v. *Walworth Manuf. Co.* 191 Mass. 338, *Lamanna* v. *American Express Co.* 230 Mass. 564, *Gunning* v. *King*, 229 Mass. 177, and like decisions. It is distinguishable from *Hankinson* v. *Lynn Gas & Electric Co.* 175 Mass. 271, where there was ample evidence that the custom of the employee of the defendant, inferably well known to and sanctioned by it, was to drop or toss disused pieces of carbon into the street.

The request of the defendant that a verdict be directed in its favor ought to have been granted. In accordance with the terms of the report, let the entry be

*Judgment for the defendant.*