### THE H. F. DIMMOCK.

(District Court, D. Maine, S. D.    June 10, 1924.)

No. 869.

**Shipping ⬦86(2)—Evidence held not to show negligence of ship, injuring stevedore.**

Evidence in a suit by a stevedore for personal injury, alleged to have been caused by defective appliances of the ship, *held* not to establish such claim, or to show any negligence of the ship.

In Admiralty. Suit by John S. M. Quinn against the steamship H. F. Dimmock. Decree for respondent.

Herbert J. Welch, of Portland, Me., for libelant.
Thompson, Hoague & Hill, of Portland, Me. (N. W. Thompson, of Portland, Me., of counsel), for claimant.

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

HALE, District Judge. This is a libel in rem to recover for personal injuries received by the libelant while in the service of the ship, March 23, 1923, acting as a longshoreman. Injuries are alleged to be due to the improper and defective appliances furnished by the ship in the course of his employment.

Libelant says that on the day in question he was employed in loading freight on the steamship in the port alleyway; that, in loading, it became necessary to pass over a crossbeam four or five inches high in the alleyway; that, in order to pass over it, two shoes were used, one on each side of the crossbeam; that these shoes were in no way secured or fastened to the deck or to the side of the steamship; that they were constructed of timbers with round, iron edges, with a gradual rise from the deck to the crossbeam; that the libelant, assisted by one Giacente Germani, was pushing a tractor truck up one of the shoes; that while doing so the truck became unmanageable and jumped to the side of the steamship; that the shoe, not having been fastened or secured, was pushed away from the crossbeam, and the lip end, or lower end, was lifted from the deck; that when the truck was released by Germani, who was pulling on the front end of the truck, the shoe, which had been moved out of position, fell on the foot of the libelant (who was at that time at the rear end of the truck, pushing it), and injured the foot; that the truck was of a new type, and had been recently placed in operation by the ship; that it was designed to be handled by a power tractor, whereas it was actually handled by individuals and used as a hand truck; that on the day in question the truck was carrying a load of about one ton, and was operated by the libelant and Germani under the direction of the ship; that the shoes were of the type that had been for years used by the libelant, and were constructed for the use of small trucks propelled by one man; that they were not of the proper type of construction for the use of the new type of truck; and that before use they should have been fastened or secured.

The proofs show that the timber, or crossbeam, running across the deck and separating the shelter deck on the ship from the alleyways, was about four inches high above the deck; that it was necessary for a step for the alleyway doors; that in order for the freight trucks to be pushed in or out of the alleyway over the timber the ship had provided shoes that led from the deck over the timber and then down the other side and upon the deck in the alleyway; that the truck in use at the time was the regular four-wheel trailer truck, and was not defective.

The claimant contends that it was in no way guilty of negligence; that the shoe did not lift up or go back, as claimed by the libelant. Claimant also contends that the cause of the libelant's injury was that his foot got jammed under one of the wheels of the truck.

The negligence asserted by the libelant, on the part of the ship, is that the shoe was improperly secured and came out of place, so that it tipped up sufficiently for him to get his foot under its lower edge.

Germani testified that, when he and the libelant were pushing the tractor up the shoe, the truck "jumped out one side," while it was on

the shoe; that he went over to the front end and "straightened her out," and that, when he went to the top of the shoe and straightened the truck out, the shoe was in place right up against the timber; that he was in front of the truck when Quinn was injured; that the truck did not go down the shoe after he had straightened it out from the side of the ship; that he gave a pull and sent the truck forward, and then returned to the rear to assist in pushing the truck forward.

The libelant says that the shoe tipped up and he got his foot under it while all four wheels of the truck, with the weight of its load, were on the shoe, and that two of the wheels of the truck were near the bottom of the shoe, the part which, he says, tipped up; that at the time he got his foot caught under the shoe the "hind wheels of the truck had just started on the shoe," and that the other wheels of the truck were half or two-thirds of the way up the shoe; and that "there is no question but all four wheels of the truck were on the shoe" at the time of the injury.

The testimony of the libelant shows the impossibility that the injury could have happened in the way he claimed, namely by the tipping up of the shoe. The testimony of the libelant and of Germani is somewhat contradictory in some details. The whole testimony fails to show any act of negligence on the part of the ship. It does tend to show some probability of the injury being occasioned in the way alleged by the claimant, namely, by the libelant's getting his foot under the truck; but it is unnecessary to discuss how the accident actually happened. It is sufficient to say that the proofs fail entirely to show that it occurred by reason of any negligence or fault of the ship.

In Smith v. Lawrence, 98 Me. 92, 97, 56 Atl. 455, 457, Mr. Justice Emery, in speaking for the court, in a case where the burden of proof was upon the plaintiff to show certain facts, said:

"Granting all the competent testimony adduced by the plaintiff to be true, and drawing all permissible inferences in his favor, yet the evidence gives ground for surmise only."

In McTaggart, Adm'x, v. Maine Central Railroad Co., 100 Me. 223, 60 Atl. 1027, Mr. Justice Savage said:

"A proposition is not proved so long as the evidence furnishes ground for conjecture only."

See, also, Bigwood v. Boston & Northern Street Railway, 209 Mass. 345, 348, 95 N. E. 751, 35 L. R. A. (N. S.) 113; Wadsworth v. Boston Elevated Railway, 182 Mass. 572, 66 N. E. 421; Hunt. v. Boston Elevated Railway, 201 Mass. 182, 185, 87 N. E. 489.

In the case before me, the proofs are scarcely sufficient to establish even a conjecture that the injury could have happened as claimed in the libel. It seems an impossibility that any part of the shoe could have risen up while the truck with its ton weight was upon the shoe. It is not necessary to decide how the injury did occur. I think the proofs negative the idea that it could have happened in any such way as alleged in the libel.

The libel is dismissed, but without costs.