## CALDER v. SMALLEY.

1. **Cities and Towns:** SCUTTLE-HOLE IN SIDE-WALK: NEGLIGENCE: LIABILITY OF OWNER TO PERSON INJURED. An owner of city property, who constructs and maintains in the side-walk in front of his property a scuttle-hole and cover in such a way as to endanger the safety of persons in the proper use of the walk, (for the facts constituting negligence see opinion,) is liable to a person injured thereby, whether the structure is made and maintained by authority of the city or not. *City of Keokuk v. Ind. Dist. of Keokuk*, 53 Iowa, 352, distinguished.

2. **Practice:** REFUSAL TO TAKE ISSUE FROM JURY: ERROR WITHOUT PREJUDICE. If it be admitted that one of the issues in this case should not have been submitted to the jury, because there was no conflict of evidence in regard thereto, yet to submit it with proper instructions was error without prejudice, because there were other issues in the case upon which the verdict of the jury might well be based, and it must in such case be presumed that it was based on such other issues, and that the jury did not find against the evidence and instructions as to the issue erroneously submitted.

3. **Practice:** EXCLUSION OF EVIDENCE: ERROR CURED. Error in excluding evidence in chief is cured when the same testimony is fully given on cross-examination.

4. **Cities and Towns:** SCUTTLE-HOLE IN SIDE-WALK: LIABILITY: DEFENSE.. One who, without the authority of the city, or negligently with such authority, constructs a scuttle-hole in his side-walk, cannot escape liability to one injured thereby, on the ground that the lessee of the property agreed to keep the hole safely covered; and evidence of such agreement is immaterial.

5. ———: ———: ———: EVIDENCE. In such case, a question as to the appearance, for safety, of the side-walk *as a whole* was properly excluded.

6. **Damages:** INJURY ON SIDE-WALK: NOT EXCESSIVE. Under the facts of this case, (see opinion,) *held* that a verdict for $3,500, for the injuries sustained by plaintiff by falling into a hole in a side-walk, was not excessive.

*Appeal from Muscatine District Court.*

TUESDAY, JUNE 2,

ACTION to recover for personal injuries sustained by plaintiff by falling into a scuttle-hole constructed by defendant in

a side-walk of a street upon which a building owned by him was erected. A judgment was rendered upon a verdict for plaintiff. Defendant appeals.

*Brannan, Jayne & Hoffman,* and *J. Carskaddan,* for appellant.

*Richman, Burke & Russell,* for appellee.

BECK, Ch. J.—I. The petition alleges that defendant owns a certain house and lot, situated upon Second street, in the city of Muscatine; that the cellar under the house extends into the street, under the side-walk, in which defendant made a scuttle-hole to be used for putting wood in the cellar; that the covering of the hole was negligently constructed, being laid down without fastenings, upon planks which were not nailed; that plaintiff, while passing upon the sidewalk over the cellar, without fault or negligence upon her part, stepped upon the covering of the scuttle-hole, which gave way, and she fell into the hole, and thereby received the injuries to recover for which she brings this suit.

The defendant, in his answer, denies the allegations of the petition, and, as a special defense, avers that, if plaintiff is entitled to recover upon the cause of action pleaded in the petition, the city of Muscatine, and not defendant, is liable therefor, inasmuch as it is the duty of the city, assumed by ordinance, which is set out in the answer, to construct and keep in repair all side-walks therein. A demurrer to the count of the answer pleading the special defense was sustained.

In an amended petition plaintiff alleges that defendant wrongfully, and without authority, made the covered excavation under the side-walk; and that the cover thereof was properly used by the public as a side-walk. A demurrer by defendant to this amendment was overruled. Evidence was introduced by each party tending to support his or her side of the several issues.

Calder v. Smalley.

II. The first ojection to the judgment discussed by defendant's counsel is based upon the position that, if plaintiff has any remedy for the injury she sustained, it should be pursued against the city, which is alone liable. Counsel, to support this objection, rely upon *City of Keokuk v. Independent Dist. of Keokuk*, 53 Iowa, 352. In our opinion the distinction between that case and this is obvious. In that case the injury for which recovery was sought resulted from the dangerous and defective condition of the side-walk itself, the construction and repair of which the city, under authority assumed by ordinance, was empowered to require; in this the alleged injuries were caused, not by a defective side-walk, but by a defective scuttle and cover, which were constructed for the private use of defendant, either with or without the authority of the city. If constructed and maintained without authority of the city, the scuttle and cover constituted a nuisance, and defendant is liable for all injuries resulting therefrom. If constructed and maintained with such authority, defendant is liable, in the absence of the care in their construction and repair required by law. See Dill. Mun. Corp., § § 699, 1032, 1034; *Com. v. Boston*, 97 Mass., 555; *Congreve v. Morgan*, 18 N. Y., 84; and cases cited in *City of Keokuk v. Independent Dist. of Keokuk*, 53 Iowa, 352, 357.

*1. CITIES and towns: scuttle-hole in side-walk: negligence: liability of owner to person injured.*

It will be observed that the petition bases the claim for recovery both on the ground that the scuttle and cover were made and maintained without authority, and that they were negligently constructed. We need not enquire whether the city may be liable as well as defendant. It is sufficient for the purpose of this case to hold that defendant is liable for injuries received by plaintiff, caused by defective construction of the scuttle and cover, and that the rule of *City of Keokuk v. Independent Dist. of Keokuk* does not apply to the facts of this case.

It may be said, in reply to the argument of defendant's counsel upon this point, that the case is that of the unauthor-

ized or negligent use of a side-walk, and that the cover of the scuttle cannot be regarded, as claimed by counsel, as only a part of the side-walk. The negligent or unauthorized use of a part of the side-walk as a cover for the scuttle rendered defendant liable for the injuries, just as he would have been liable in case he had, in a like manner, used, for his own private benefit, a part of the side-walk for any other purpose.

III.   The district court instructed the jury, in substance, that defendant would not be liable as for a nuisance in con-

2. PRACTICE: refusal to take issue from jury: error without prejudice.

structing and maintaining the scuttle and cover, if the city consented thereto, which may be implied from use by the defendant, and acquiescence without objection by the city, with knowledge on the part of its officers of the use of the side-walk for such purpose.   Counsel for defendant insist that, as the evidence shows without conflict the use of the side-walk with the implied assent of the city, the case, as to the issue of fact involved in this point, should have been withdrawn from the jury, and they should have been directed that defendant was not liable as for a nuisance.   Let it be admitted for the purpose of the argument that counsel's position is correct, yet it does not follow that the judgment should be reversed.   We cannot presume that the jury, upon the issue in question, found against the evidence and instruction of the court for plaintiff; but, if it be found that their verdict may be supported under the evidence and instructions of the court pertaining to the other issues, we will presume that their verdict was based thereon.   It thus appears that, even if the court erred in not taking from the jury the case, so far as the issue involving the question of nuisance is concerned, it is error without prejudice.

IV.   Counsel for defendant insist that there is no evidence tending to show that the scuttle and covering were negligently constructed.   We are not of that opinion.   It was shown that the covering was without fastenings, and subject to be removed by any person.   The jury, we think, could

Calder v. Smalley.

well have found that it was negligent to leave the covering in that condition; that the care required by the law, for the safety of those who frequented the street, demanded that such a trap should not be arranged for them in the side-walk, which could be readily set by the mischievous and malicious, and would be set by the negligent, who would fail properly to replace the cover after using it.

V. The defect on account of the absence of fastenings pertained to the construction of the cover, and evidence tending to prove it, which was objected to by defendant, was correctly admitted.

VI. The defendant proposed to prove by his own testimony that the tenant of the house had agreed to keep the scuttle closed. The evidence was not admitted, of which defendant now complains; but the defendant, on his cross-examination, did testify to the same fact. As the evidence was in this manner introduced to the jury, no prejudice resulted from excluding it upon the examination in chief. But the evidence was immaterial. Plaintiff seeks to recover either upon the ground of the negligent construction of the scuttle and cover, or on the ground that they were constructed without authority from the city. It is obvious that in either case defendant cannot escape liability upon the ground that another undertook to keep the cover upon the scuttle.

3. PRACTICE: exclusion of evidence: error cured.

4. CITIES and towns: hole in side-walk: liability: defense.

VII. Another witness was asked to state whether the side-walk appeared to be safe. The witness was not permitted to answer the question. The ruling was correct. There was no complaint of the side-walk, except so far as the cover of the scuttle was concerned, and the defect in it consisted in the want of fastening, which would hardly have been shown by its appearance. It may be, if the question related to the cover, that the evidence would have been competent; but, as it related to the whole side-walk, it certainly was not.

5. —— : —— : —— : evidence.

VIII.  A witness was interrogated as to certain statements in an affidavit made by her.  She states that she did not remember of making the statements.  Defendant complains of the overruling of a motion to strike out the evidence.  As the affidavit was not introduced in evidence, no prejudice resulted to defendant, for the reason that the witness' credibility was not affected by it, and it did not tend to establish any fact against the defendant's interest.

IX.  The instructions given by the district court are in accord with the doctrines we have herein recognized.  Those refused were either in conflict therewith or upon points not involved in the case.  One of them, the seventh, was to the effect that it was not the duty of the defendant to fill up the cellar under the pavement, which it appears had not been excavated.  The house being built upon a spot where the natural surface of the ground was below the street, the cellar under the pavement was not filled up when the street was graded.  This matter had nothing to do with the case, as there was no negligence or failure of duty charged against defendant in connection with the existence of the cellar.

X.  It is insisted that the plaintiff contributed by her own negligence to the injury.  The finding of the jury to the contrary is not without the support of the evidence.  It is claimed that the amount of the verdict is excessive.  We think differently.  The defendant was a woman in good health and in the prime of life.  Her pursuits required the exercise of all her physical faculties.  The injuries were severe, and will disable her for life, causing hernia which is incurable.  The amount of the verdict, $3,500, is not excessive compensation for the injuries she sustained.

6. DAMAGES: injury on sidewalk: not excessive.

The foregoing discussion disposes of all questions in the case.  In our opinion the judgment of the district court ought to be

AFFIRMED.