E. E. BUECHER *et al.* v. CHARLES O. CASTEEN *et al.*

PETITION IN ERROR — *Record* — *Presumption.* Where plaintiffs bring an action against a city to compel it to convey to them certain lands, and allege that one C. claims an interest adverse to that of the plaintiffs, and C. is made a party, and both the city and C. file separate answers, but the answer of the city is not set out in the record brought to this court, and C. asks for an accounting between him and the city and a conveyance of the lands named in plaintiffs' petition to him, with other lands, and afterward plaintiffs dismiss their action, where-

upon the court renders judgment in favor of C., as prayed for in his answer, *held*, in the absence of the answer of the city, we must presume that such answer, together with the answer of C., made an issue upon which C. was entitled to a trial.

## *Error from Meade District Court.*

On the 13th day of May, 1886, plaintiffs in error commenced this action against the defendants in error, alleging that they were in the occupancy of the premises described in their petition, to wit, eighty acres of land adjoining the town-site of Meade Center; that the said land was entered by the town-site company of Meade Center, under and by virtue of the laws of the United States, and that they then were and still remain the sole occupants of the land and entitled to the title thereto, and praying that the corporate authorities of Meade Center be required to convey the same to them; and also alleging that the defendant Charles O. Casteen claimed an interest adverse to the interests of the plaintiffs, and asked that he be required to set up his title and that it be declared inferior to that of plaintiffs. Afterward G. M. Roberts, mayor of Meade Center, together with the corporate officers, filed their answer to the plaintiffs' petition, and afterward the defendant Casteen filed his separate answer to the plaintiffs' petition; which answer alleged, first, a general denial; and second, the same condition of facts as alleged by the plaintiffs in error, viz., that he was the sole occupant, and that by an arrangement with the town-site company of Meade Center at its organization, the quarter-section of land settled upon by him as a homestead was included in the town site, and that by an agreement he was to pay his proportionate part of the expense and purchase-money, and the said town company was to convey to him one hundred acres of the land, and that the said one hundred acres included the eighty acres alleged and set out by the plaintiffs' petition, and claimed by them; and further alleged that the town company had conveyed to him by warranty deed the said one hundred acres of land, and asked that an accounting be had of the amount paid by the corporation of Meade Center as expenses in purchasing and

procuring the title to the land from the government, and that upon payment of said sum by him the said corporation be required to convey to him the legal title to the said one hundred acres of land, and for such other relief as he was entitled to. A demurrer to this answer was filed by the plaintiffs, which was overruled by the court; whereupon the plaintiffs dismissed their action, and defendant Casteen demanded a hearing and trial upon his answer, which was objected to by the plaintiffs. The objection overruled, trial had, and judgment rendered for Casteen, as prayed for in his answer. Afterward M. Wightman, mayor, and successor of G. M. Roberts, together with plaintiffs in error, filed a motion to set aside the judgment, alleging as reasons the following: First, said judgment is void; second, the judgment was rendered after the cause had been dismissed by the plaintiffs therein; third, at the time the judgment was rendered there was then pending in said court no cause in which judgment could be rendered; fourth, said court was without jurisdiction; fifth, said judgment was not justified by the pleadings of said cause; sixth, the judgment was contrary to law. The motion was heard by the court and overruled at the April term, 1887, and excepted to by the plaintiffs in error. The overruling of this motion is now complained of.

*A. M. Mackey,* for plaintiffs in error.

*John A. Morris,* and *Waters, Chase & Tillotson,* for defendants in error.

Opinion by CLOGSTON, C.: But one question is presented by the record in this action: Did the answer of the defendant set out such a counterclaim and demand for relief that he was entitled to be heard thereon after the plaintiffs dismissed their cause of action? The bill of exceptions shows that the mayor and city authorities answered in said action. Their answer is not set out, and we are unable to say what that answer was. There may have been sufficient allegations therein, in connection with defendant's answer, to raise an issue of fact; and if

it did, the dismissing of the action by the plaintiffs in error would not affect such issue. The defendant was claiming affirmative relief; he was asking for an accounting between himself and the city of Meade Center, and the conveyance of the land claimed by the plaintiffs in error to himself. We think this was sufficient demand, upon which the court properly heard and determined the controversy set up in the defendant's answer.

We therefore recommend that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.