CENTER SCHOOL TOWNSHIP *v.* STATE, EX REL. SCHOOL CITY OF WEST INDIANAPOLIS ET AL.

[No. 2,485.   Filed May 25, 1898.]

APPEAL AND ERROR.—*Presumptions.*—All reasonable presumptions will be indulged in favor of the rulings of the trial court, and before an appealing party is entitled to the reversal of the judgment appealed from he must show that there was reversible error below.  *p. 313.*

SAME.—*Review of Pleadings.*—*Record.*—The Appellate Court cannot review the ruling of the trial court on a demurrer to a pleading unless such pleading and demurrer are brought into the record as prescribed by law.  *p. 314.*

Center School Tp. *v.* State, *ex rel.* School, etc., *et al.*

From the Marion Superior Court.    *Appeal dismissed.*

*T. S. Rollins* and *Thomas Hanna*, for appellant.

*Elmer E. Stevenson*, for appellee.

WILEY, J.—The only error complained of by the appellant in its assignment of errors is the action of the court below in overruling the demurrer to the several paragraphs of the amended complaint.    As the record comes to us, the assignment of errors does not present any question for decision.    It is the established practice, and a wholesome rule, that all reasonable presumptions will be indulged, on appeal, in favor of the rulings of the trial court, and before the appealing party is entitled to a reversal of the judgment, he must show that there was reversible error below.    A party seeking a reversal of a judgment must bring to the appellate tribunal a perfect record.    *Collins* v. *U. S. Express Co.*, 27 Ind. 11; *Fellenzer* v. *Van Valzah*, 95 Ind. 128; *Morningstar* v. *Musser*, 129 Ind. 470; *Bozeman* v. *Cale*, 139 Ind. 190.    This is necessary so that the court may look to the entire record to determine if reversible error has intervened.

We are asked to declare whether or not the court below committed error in overruling the separate demurrer to the several paragraphs of the amended complaint, and yet the record does not contain the complaint.    The record shows the following order book entry:    "Come now the plaintiffs by counsel and by permission of the court first had, file an amended first, second, third, and fourth paragraphs of complaint, and an additional fifth paragraph of complaint, and the defendants are ruled to answer thereto. Said amended complaint is in the words and figures following, that is to say:"    Immediately following this entry is a pencil memorandum as follows:    "Not on file."    The transcript of the clerk certifies:    "That

the foregoing transcript contains full, true and complete copies of all the entries of proceedings had, and also of all the papers filed in cause numbered 50354 (except the complaint missing and the motion for a new trial omitted)," etc.   It is apparent that an appellate court cannot review the ruling of a trial court on a demurrer to a pleading unless such pleading and the demurrer are brought before it, in the manner prescribed by law.   See *Aydelott* v. *Collings*, 144 Ind. 602; *Riley* v. *State*, 148 Ind. 48.

"The party who asserts that a ruling upon a pleading was erroneous must affirmatively show his assertion to be correct, otherwise the presumption that the court rules correctly upon the pleadings will prevail against him."   Elliott's App. Proc., section 720.   In the absence of a recital or a statement in the record to the contrary, the presumption is that the judgment is within the issues and supported by the appropriate proceedings.   Elliott's App. Proc., section 719.   *Jones* v. *Collins*, 80 Ala. 108; *Citizens' Bank* v. *Bolen*, 121 Ind. 301; *Buecher* v. *Casteen*, 41 Kan. 141, 21 Pac. 112; *Rundell* v. *Kalbfus*, 125 Pa. St. 123; *Calder* v. *Smalley*, 66 Ia. 219, 23 N. W. 638.

Before the appellate court can determine the sufficiency of a pleading, such pleading must be brought before it for review in the manner prescribed by law and the rules of practice.   An appealing party might as well ask a court of last resort to pass upon the ruling of a trial court in admitting or rejecting offered evidence, without bringing the evidence into the record, as to ask it to review the ruling on a demurrer to a pleading in the absence of such pleading.

There are a number of affidavits on file and with the record, to the effect that the amended complaint is not on file in the court below, and has been lost, but this does not aid the record, neither can we consider

them. Upon proper application to the trial court, the amended complaint might have been substituted and then brought into the record by a writ of *certiorari*, but this has not been done, and so far as the record shows, no effort has been made in that direction. The record, being barren of any question subject to review under the assignment of errors, the appeal must be dismissed. Appeal dismissed.