## ADDISON SCHOOL TOWNSHIP ET AL. *v.* THE SCHOOL CITY OF SHELBYVILLE.

[No. 2,700.    Filed November 30, 1898.]

From the Shelby Circuit Court.    *Affirmed.*

*D. L. Wilson* and *W. A. Yarling,* for appellants.

*K. M. Hord* and *E. K. Adams,* for appellee.

ROBINSON, J.—Appellee, in this action, seeks to recover its *pro rata* share of the surplus dog fund remaining in the hands of appellant for the years 1893 and 1894. It is alleged in the first paragraph of complaint that, in March of said year 1893, the surplus dog fund over $50 in the hands of appellant was $311.66; that a portion of said sum should have been distributed to appellee in proportion to its enumeration for school purposes, and that said *pro rata* share is $278.77; that appellee received no part of said fund; that appellant failed and refused to pay any part thereof to appellee, but expended the same for the benefit of the schools of the school township. The second paragraph of the complaint seeks to recover the sum of $244.33, appellee's *pro rata* share for the year 1894. A demurrer by Addison School Township to each paragraph of the complaint was overruled, and, appellant refusing to plead further, judgment was rendered in appellee's favor for $523. The overruling of this demurrer is the only question presented.

By section 8654, Burns' R. S, 1894, provision is made for the disposition, by the township trustee of the surplus dog fund over $50 in his hands in March of each year. The above section was construed by the Supreme Court in the case of *Taggart, Aud., v. State, ex rel.,* 142 Ind. 668; and it was held that the trustee, under that section, was required to turn over to each school corporation within his township its *pro rata* share of such fund in proportion to its enumeration.

It is argued by counsel for appellant that at the times complained of, it was the law, as declared by the Supreme Court, that no part of said fund belonged to appellee, and that the question here is whether the rights of the parties to the fund in this action will be determined by the law as it is now declared to be, or as it was declared to be by the Supreme Court at the time it is claimed appellant obtained the funds sued for; in other words, whether a decision by the Supreme Court made since the acts complained of were done, will be given a retroactive effect. In the recent case of *Center School Tp. v. State, ex rel.,* 150 Ind. 168, the Supreme Court had before it this same question, and held adversely to the position maintained by appellant's counsel.

Upon the authority of that case the judgment must be affirmed. See *Center School Tp.* v. *State, ex rel.*, 20 Ind. App. 312.    Judgment affirmed.