·FRY COPELAND, Appellee, v. MARTHA L. JUNKIN, Appellant.

**NEGLIGENCE: Proximate Cause—Additional Fastening on Cover for**
1    **Coal Scuttle.** When the cover for a coal scuttle in a sidewalk is so
constructed that it will retain its position under all ordinary usage,
the failure to provide some additional safeguard against its removal
is not the proximate cause of an injury caused by stepping into the
opening *when the cover was entirely removed.*

**MUNICIPAL CORPORATIONS:    Streets—Openings in Sidewalks—**
2    **Presumption.** Long continued private use of a scuttle hole in a
sidewalk with the knowledge of the city officials and without ob-
jection, may give rise to the presumption that the opening was in-
stalled and used with the consent of the city.

**NEW TRIAL: Nonright to Recover in Any Event.** The trial court may
3    not grant a new trial for inadequacy of the verdict when the record
demonstrates that plaintiff is not entitled to recover *in any amount;*
and the error in granting a new trial under such circumstances will be
corrected on appeal even though other grounds of the motion *were .not*
*overruled.*

*Appeal from Jefferson District Court.*—F. M. HUNTER, Judge.

JUNE 24, 1924.

REHEARING DENIED SEPTEMBER 26, 1924.

ACTION to recover for personal injuries received by plain-
tiff in stepping into an open areaway maintained by defendant
in the sidewalk along her building. A verdict for plaintiff for
nominal damages was set aside, and a new trial granted. From
this order the defendant appeals.—*Reversed.*

*Ralph H. Munro* and *Jo R. Jaques,* for appellant.

*Thoma & Thoma,* for appellee.

VERMILION, J.—The action is against the owner of a busi-
ness house in the city of Fairfield, to recover for a personal

injury received by plaintiff in stepping into an opening or area-
way in the sidewalk at a cellar window of de-
fendant's building. The negligence charged is
that the "scuttle or cover or grating provided
for said hole was negligently constructed and
maintained by defendant, in that it was loose and was laid over
said opening without being fastened down, and without any
secure fastening of any kind provided, and could easily be re-
moved by anyone." It appears without dispute that the side-
walk was of concrete; that the opening in question was 17½
inches wide from the building wall outward, and 29 inches long,
and about 30 inches deep. The cover was an iron grating,
weighing some 18 pounds, with projections or "dogs" at the
end, that rested on the surface of the walk and allowed the grat-
ing to lie in the opening, with its upper surface practically level
with the surface of the walk. It had no other fastenings of any
kind, and was held in place only by its own weight and by being
set in the opening. To remove or displace it, it would have to
be raised out of the opening sufficiently to allow it to pass onto
or over the surface of the walk. At the time plaintiff stepped
into the opening, the cover was not in place, but was lying on
the bottom of the opening, or leaning against one side of it. The
opening was used to put coal into the cellar; but how the cover
came to be displaced on the occasion in question is not shown.
There is no evidence that the opening had recently been used
for any purpose. The building was occupied by tenants.

1. **NEGLIGENCE:**
proximate cause:
additional fasten-
ing on cover for
coal scuttle.

Upon the trial, there was a verdict for plaintiff for one
dollar. This verdict the court, on motion of plaintiff, set aside
as inadequate, and granted a new trial. From this order the
defendant prosecutes this appeal.

Two errors are relied upon by appellant: (1) That the court
erred in not sustaining defendant's motion for a directed ver-
dict; (2) that the court erred in granting a new trial.

It is the contention of counsel for appellant that there was
no evidence of actionable negligence on the part of the appel-
lant, and that her motion for a directed verdict in her favor,
made at the close of appellee's evidence and renewed at the
close of all the evidence, should have been sustained; and that,

since the appellee was not entitled to recover in any event, it was error to set aside a verdict for nominal damages and grant a new trial.

It is to be observed that negligence is not predicated on the fact that the cover was not in place, but on the construction of the cover without means of fastening it in place. It was not intended to be immovable: the use of the areaway and window for the purpose of putting coal in the cellar required that it be removed. There is no showing whatever as to how it came to be removed on the occasion in question,—whether it had been left off by someone who was making a proper use of the opening, or was intentionally removed by someone without right. The evidence establishes without conflict that it was not in place over the opening; but how long this condition had existed, or how or by whom or why it was removed, is not shown. It is, however, fairly established that, when in place, it would not be displaced by one in merely walking over it, or by the ordinary use of the sidewalk; that it would require some intentional effort to remove or displace it. It was, so far as the evidence shows, securely held in place by its weight and by hanging suspended within the opening in the sidewalk by the projections or dogs at the end. The only direction in which it could be moved out of its proper place was first upward, until one end or side of the grating would pass over the surface of the sidewalk. The only effect of a fastening would be to make it impossible, or more difficult, of removal. So long as it was in place, a fastening could have added little, if anything, to its security in the ordinary use of the walk. When it was entirely removed, the lack of a fastening was not the thing that made the place dangerous; it was the opening in the sidewalk, caused by the removal or absence of the cover; but, as said, to serve its purpose it must be removable. Can it be said, then, that the mere failure to make it more difficult of removal, when it was safe, if in place, was negligence in respect to one who was injured by its not being in place at all? The ultimate question is one of proximate cause. The cover as constructed, and when in place, was reasonably safe for one walking over the sidewalk and stepping upon it; but, if it be conceded that this is at all open to question, the fact remains that lack of

a more secure means of fastening it did not cause the injury of one who stepped into the opening when the cover was entirely removed. The proximate cause of such an injury was the absence of a cover over the opening, not the lack or inadequacy of a means of fastening the cover when in place.

Whether the lack of a fastening might, under some circumstances, constitute actionable negligence, we have no occasion to determine. It is clear that it would not as to one who was not injured by reason of such a lack. So far as appears, the cover may have been removed for a perfectly legitimate and proper purpose. In such case, the only fault or negligence would be in the failure to replace it; but it is plain that the absence of a more secure means of fastening it in place would not in any manner contribute to the negligent failure to replace it at all. No negligence in failing to have the cover in place is alleged, nor is there any evidence that the defendant was in any manner responsible for its being out of place at the time of the plaintiff's injury, or that the lack of a fastening in any manner contributed to its being entirely displaced, since its use for the purpose for which it was intended required that it be capable of removal.

The case of *Calder v. Smalley*, 66 Iowa 219, relied upon by appellee, is not in point. There the cover of a coal hole, when in place and unfastened, was insecure and unsafe, and the injury occurred to one who stepped upon it when it was in place, and was caused by the lack of some means of holding it securely. The same thing is to be said of the case of *Hill v. Norton*, 74 W. Va. 428 (82 S. E. 363).

It was alleged in the petition that the opening in the sidewalk was constructed and maintained by the defendant without the consent of the city, and the claim was made that this constituted a nuisance, and that defendant would be liable for all injuries resulting therefrom. The evidence shows without conflict that the sidewalk with the opening and cover, substantially as it existed at the time of the plaintiff's injury, was constructed in 1904, and had since been so maintained; and that other like openings with similar covers were in general use in the city. The jury was instructed that, from long continued

2. MUNICIPAL CORPORATIONS: streets: openings in sidewalks: presumption.

use of the scuttle hole with the knowledge of the city officials, and without objection, a presumption would arise that it was installed and used with the consent of the city; and that the plaintiff, to recover, must establish negligence on the part of the defendant in constructing and maintaining the cover without a fastening. In this there was no error. *Calder v. Smalley,* supra.

We have, then, a situation where a verdict for nominal damages in favor of a plaintiff not entitled to recover at all has been set aside as inadequate, and a new trial granted. The trial court has a large discretion in the granting of new trials, and ordinarily its action in so doing will not be reversed. It is also well settled that, where a motion for a new trial is sustained generally, the ruling cannot be interfered with if any of the grounds of the motion are good. *Thomas v. Illinois Cent. R. Co.,* 169 Iowa 337; *Woodbury County v. Dougherty & Bryant,* 161 Iowa 571. Many other cases to the same effect could be cited. While the lower court in a written memorandum indicated that the motion was sustained on the ground of the inadequacy of the verdict, other grounds of the motion were not overruled.

3. NEW TRIAL: nonright to recover in any event.

However, the discretion vested in the trial court to grant a new trial is a legal discretion, and must be predicated on the record; and where a verdict contrary to the one set aside could not, on the record, be permitted to stand, there is nothing to justify the exercise of discretion. *Frink v. Commercial Bank,* 195 Iowa 1011. In an action to recover for negligence where there is no evidence of actionable negligence,— where the act or omission relied upon as constituting negligence was not the proximate cause of the injury complained of,—there is no room for the exercise of discretion in granting a defeated plaintiff a new trial. That is, in effect, the situation here. On the record made, appellee was not entitled to recover, and appellant's motion for a directed verdict should have been sustained. There is no claim that, upon a retrial, the pleadings or evidence would or could be such as to avoid this result. *McDonald v. Mutual Life Ins. Co.,* 178 Iowa 863. The appellee was obviously in no position to complain of the award of merely nominal damages,

and the trial court was in error in setting aside a verdict more favorable to appellee than he was entitled to, and in granting a new trial.

The order appealed from is—*Reversed.*

ARTHUR, C. J., STEVENS and DE GRAFF, JJ., concur.