## VIOLA L. FANDEL v. THE PARISH OF ST. JOHN THE EVANGELIST.[1]

November 14, 1947.

No. 34,521.

*Joseph P. Johnson,* for appellant.

*Cummins, Cummins & Christianson* and *George A. Kuittinen,* for respondent.

FRANK T. GALLAGHER, JUSTICE.

Appeal from an order denying plaintiff's motion for a new trial.

[1]Reported in 29 N. W. (2d) 817.

At about 8:30 in the evening of September 8, 1946, while plaintiff was walking north on Kent street in St. Paul at a place about 75 feet north of the northeast corner of Kent street and Portland avenue, she fell into an open coalhole about two feet in diameter located in the middle of a sidewalk abutting defendant's church property. It was a dark, rainy night. As a result of the fall, plaintiff sustained the injuries complained of. The coalhole was constructed as an entrance for a coal chute adjacent to and connected with the church premises abutting the public sidewalk. The coalhole and chute were maintained exclusively by the church management for its sole use. The coalhole had been in its present location for at least 17 years. It was used only to take coal into the church property, and, according to the record, the last delivery of coal was made April 5, 1946, more than five months before the accident. The hole in the sidewalk had an iron cover. This cover weighed about 75 pounds, was set in a flange frame so as to make it flush with the sidewalk, and was equipped with a heavy handle which slipped down into a socket. When necessary, the cover could be lifted from the hole by means of this handle.

On the night of the accident, plaintiff was walking along the sidewalk with some friends when she fell into the open hole in the middle of the sidewalk as a result of the cover having been removed. There is nothing in the record to disclose who was responsible for the removal of the cover. Between May and September 1946, plaintiff had walked over the sidewalk where the accident occurred on several occasions and had never noticed any hole in the sidewalk. Her roommate, who was with her on the night of the accident, had also walked over the same place several times and had noticed no opening in the sidewalk. The accident occurred on a Sunday. Arthur F. Zache, assistant treasurer of the church, testified that he was on the premises about 10:30 on the morning of September 8, the date of the accident, but did not observe any opening in the sidewalk at that time. He again visited the premises on September 9, when his attention was particularly called to the coalhole cover, and he noticed no difference between the cover he saw on that day

and the one he had noticed before. Herbert A. Bahneman, a janitor or sexton for the church, testified that he was on the premises between six and seven o'clock on the morning of September 8 and saw the cover in its place in the center of the sidewalk, and again between twelve and one o'clock on the same day. He was again on the premises about seven o'clock on the morning of September 9, when he again saw the cover in place "the way it always was." He said it was the same cover that he observed the day before, and, so far as he knew, it was the same cover that had been there for the two and one-half years he was employed by the church. He said that he had no knowledge of anyone having tampered with the cover within a time shortly before the accident or on September 8. Plaintiff offered no testimony to prove who did remove the cover, and, so far as the record is concerned, it is a matter of conjecture as to who removed the cover, when it was removed, or for what purpose.

At the close of the testimony, defendant moved for a directed verdict on the ground that there was no showing that the injuries sustained by plaintiff resulted from any negligence on the part of defendant. The court granted the motion.

Plaintiff contends that the court erred in refusing to invoke the doctrine of *res ipsa loquitur,* in directing a verdict for defendant, and in failing to grant plaintiff's motion for a new trial.

■ We shall first consider the applicability of the *res ipsa loquitur* rule. We believe that a clear and simple definition of the rule is found in 4 Dunnell, Dig. & Supp. § 7044, as follows:

"* * * Where the thing causing the accident is shown to be in the possession and under the control of the defendant, and the accident is such as in the ordinary course of things does not happen if those who have the management use due care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of such care."

See, also, cases cited under note 52. In Klingman v. Loew's Incorporated, 209 Minn. 449, 454, 296 N. W. 528, 530, this court used the

following quotation in stating that the substance of the rule in this state—

" 'asserts that whenever a thing which produced an injury is shown to have been under the control and management of the defendant, and the occurrence is such as in the ordinary course of events does not happen if due care has been exercised, the fact of injury itself will be deemed to afford sufficient evidence to support a recovery in the absence of any explanation by the defendant tending to show that the injury was not due to his want of care.' 20 R. C. L. p. 185, § 156, and cases under note 4. * * * 4 Dunnell, Minn. Dig. (2 ed. & Supps.) § 7044, and cases cited under notes."

One of the necessary requisites for the application of the rule is that the thing causing the injury must be under the exclusive control of the defendant. McGillivray v. G. N. Ry. Co. 138 Minn. 278, 164 N. W. 922. The *res ipsa loquitur* doctrine "should be applied only when the instrumentality causing the accident is wholly under the control of the defendant. * * * When the accident is due in part to the act of a third party over whom the defendant has no control, the doctrine is not applicable." Sullivan v. Minneapolis St. Ry. Co. 161 Minn. 45, 56, 200 N. W. 922, 926, and cases cited. See, also, 4 Dunnell, Dig. & Supp. § 7044, and cases cited under note 54.

Here, we have a situation where the coalhole in question was not under the exclusive control of defendant or its employes, since it was located in the middle of a public sidewalk abutting the property of defendant. It had not been used by defendant for unloading coal for more than five months prior to the accident. While it is true that defendant admitted that it maintained the coalhole and chute, there is nothing in the testimony, either directly or by admission on the part of defendant, showing that the cover or hole was wholly or exclusively under the control of defendant. The sidewalk in which the hole was located was a public one under the general supervision of the street department of the city of St. Paul. There is nothing in the record to show that the cover would not have been removed or the accident would not have happened if due care had been exer-

cised by defendant. There is no evidence of knowledge on the part of, or notice to, defendant before the accident that the cover had been removed. When last seen by defendant's employes on the day of the accident, the cover was in its proper place, and was in its proper place as early as seven o'clock the morning after the accident.

Under the facts and circumstances of this case, we hold that the *res ipsa loquitur* rule does not apply and that the court did not err in refusing to invoke it.

■ The next question is whether the court erred in directing a verdict for defendant and in failing to grant a new trial.

A verdict may be directed only in those unequivocal cases where it clearly appears to the court on the trial that it would be its manifest duty to set aside a contrary verdict as not justified by the evidence or as contrary to the law applicable to the case. A motion for a directed verdict presents a question of law only, and admits, for the purpose of the motion, the credibility of the evidence for the adverse party and every inference which may fairly be drawn from such evidence. 6 Dunnell, Dig. & Supp. § 9764. On a motion for a directed verdict, that view of the evidence most favorable to the adverse party must be taken. Reiton v. St. Paul City Ry. Co. 206 Minn. 216, 288 N. W. 155; Salters v. Uhlir, 208 Minn. 66, 292 N. W. 762.

We now consider whether or not there was negligence or a failure by defendant to furnish that degree of reasonable care for which it was responsible under the facts and circumstances as set forth in the record. We have a situation where a property owner maintains a coalhole in the middle of a public sidewalk abutting its property. According to the testimony, the hole had been in the same place for about 17 years. The opening is about two feet in diameter and leads to a chute. The cover is made of iron and weighs about 75 pounds. It is set in a flange frame to make it flush with the sidewalk. There is a handle in the cover which sets down into a groove or socket, which is also flush with the sidewalk when not in use. The coalhole is used by the property owner only when necessary to unload coal. There is nothing in the record to show that during the many years

the coalhole has been in use in its present location any other accident has occurred. There is no evidence of defects in the construction of the coalhole, the cover, the handle, or the sidewalk adjacent thereto, and no proof connecting defendant with the removal of the cover on the date of the accident or at any time shortly prior thereto. There is nothing in the record to show that defendant had received any prior notice that anyone had tampered with the cover. There is no evidence of violation of any statute or ordinance on the part of defendant in failing to provide a lock or bolts for the cover, and, because the cover itself weighed approximately 75 pounds, it would indicate that defendant relied on the fact that the weight of the cover itself would hold it in its proper place, except when removed for receiving coal. There is no showing that defendant had any knowledge as to who did remove the cover or that it received any notice in sufficient time prior to the accident that the cover had been removed so that it could take the necessary steps to replace it or guard the opening. In short, we can find nothing in the record showing actionable negligence on the part of defendant.

Plaintiff. argues that the injury itself affords sufficient evidence to support her burden of proof, in view of the maintenance by defendant of the thing which she claims caused the injury and the absence of explanation by defendant that the injury was not due to its want of care. We cannot agree with this reasoning, since it would still be necessary for plaintiff to prove that defendant was negligent and that its negligence was the proximate or a contributing cause of the accident. We fail to see that defendant neglected to furnish that degree of reasonable care for which it was responsible in keeping the coalhole in a safe condition.

This case does not come within the rule of Ray v. Jones & Adams Co. 92 Minn. 101, 99 N. W. 782. There, both the coal company delivering and the owner of the property receiving the coal were held liable for injuries sustained by a pedestrian. The injury occurred when an employe of the coal company lifted the cover of the hole on a public sidewalk from beneath. The situation there was different

from the case at bar, as the hole was actually being used for delivering coal to the owner at the time of the accident. Here, the hole was not being used for the purpose for which it was installed and had not been so used by the owner for about five months previous to the accident, and the owner had no knowledge of the removal of the cover until after the accident happened.

Our attention has been called to somewhat similar cases, which we shall review briefly.

In Calder v. Smalley, 66 Iowa 219, 23 N. W..638, 55 Am. R. 270, the plaintiff stepped upon the cover of a scuttle-hole used for putting wood into a cellar. The covering gave way, and plaintiff fell into the hole and was injured. There the cover, when in place and unfastened, was insecure and unsafe, and a verdict for the plaintiff was affirmed.

In Copeland v. Junkin, 198 Iowa 530, 199 N. W. 363, the action was against the owner of a business house to recover for personal injuries received by plaintiff in stepping into an opening or areaway in the sidewalk at a cellar window of defendant's building. The negligence charged was that the cover or grating provided for the hole was negligently constructed or maintained by defendant, in that it was loose and was laid over the opening without any secure fastening and could easily be removed by anyone. The cover was an iron grating weighing about 18 pounds. At the time plaintiff stepped into the opening the cover was not in place, and it was not shown how the cover came to be displaced. There was no showing that the opening had been used recently for any purpose. It was fairly established that when in place the cover would not be displaced by one merely walking over it or by the ordinary use of the sidewalk. The court said that the proximate cause of the injury was the absence of a cover over the opening, not the lack or inadequacy of a means of fastening the cover when in place, and that plaintiff was not entitled to recover.

In Gunning v. King, 229 Mass. 177, 118 N. E. 233, plaintiff was injured by stepping into a coalhole in a sidewalk in Boston early in the morning. The iron cover was about a foot in diameter and

was found eight or nine inches away from the hole at the time of the accident. The cover fitted in a "rabbet" and was held in position by its own weight. It was also fastened by a weight held in place by a heavy wire fastened to a ring in the bottom of the cover. There was evidence that this weight was attached to prevent "it from being lifted at night by any one trying to get in, rather than anything else." When the cover was found, nothing was attached to it. There was nothing to show when or by whom it was removed. The court there said (229 Mass. 178, 118 N. E. 233) :

"While the cover was not on the hole, there is nothing to show when or by whom it was removed. It may have been removed by the direction of the defendants and it may have been removed without their knowledge and against their will; it may have been taken off only a moment before the plaintiff was injured and it may have been removed a much longer time; but as to these facts we are left in doubt. It is entirely a matter of conjecture when, by whom and for what purpose the cover was removed. The negligence of the defendants, if any, was in having the hole open, but there is no evidence to show that the cover was removed by them or that they knew of it. There is, therefore, no evidence of negligence and the burden resting upon the plaintiff to establish this proposition has not been maintained. Wadsworth v. Boston Elevated Railway, 182 Mass. 572 [66 N. E. 421]; Childs v. American Express Co. 197 Mass. 337 [84 N. E. 128]."

Our attention has also been called by plaintiff to the recent North Dakota case of State v. Columbus Hall Assn. 75 N. D. —, 27 N. W. (2d) 664. There, a coalhole on private property was used by a landlord to put coal into the bin below. The cover was encased in a metal framework three inches wide, into which the cover fitted so that the metal parts were approximately level with the concrete platform. The cover weighed between 20 and 25 pounds. Plaintiff was an employe of one of the tenants in the building. One evening about eight o'clock, when it was dark outside, she fell into the coalhole and into the coalbin below and was injured. When she stepped

into the hole it was open, and the iron lid was down in the coalbin. The coalhole was used exclusively by the landlord. As stated, it was private property and not on a public street, as here. The court held that under the circumstances it was for the jury to say whether defendant should have reasonably foreseen that someone might negligently or maliciously remove the unfastened lid and leave the hole an open pitfall. The North Dakota case is somewhat different from the one before us, as the coalhole there opened onto a concrete platform which abutted on a public alley, but it was entirely on the private property of defendant and under its control. It was located close to and in front of a doorway frequently used as a means of ingress and egress to and from defendant's building. In the case before us, where the weight of the cover (about 75 pounds) seemed sufficient to hold it in place, as evidenced by past experiences, and where no defects in the cover, flange frame, or sidewalk were shown, it appears to us that under the circumstances defendant could not have reasonably foreseen that someone unknown to it might negligently or maliciously remove the cover, especially in view of the fact that nothing like that had occurred to defendant's knowledge during the many years that the coalhole had been in existence.

We have given this case a great deal of consideration, as we realize that the young lady who met with this unfortunate accident is entitled to sympathy, but sympathy must be moderated with reason and the facts of the case. Here, we can find nothing which would justify a finding that defendant was negligent or lacking in reasonable care in connection with the accident. If there was any negligence on the part of defendant, it was in having the hole open, but there is no evidence to show that it had anything to do with the removal of the cover or knew who did remove it. The burden of proving negligence was on plaintiff, and, in the absence of such proof, we hold that the trial court did not err in directing a verdict for defendant and in refusing to grant a new trial.

Affirmed.