EDWARD BERGUM v. HANNAH PALMBORG, EXECUTRIX, SUBSTITUTED FOR CARL A. PALMBORG, DECEASED.[1]

July 31, 1953.

No. 36,040.

---

[1]Reported in 60 N. W. (2d) 71.

*Hall, Smith & Hedlund* and *Gerald H. Friedell,* for appellant.
*Marshall S. Snyder,* for respondent.

THOMAS GALLAGHER, JUSTICE.

Action by Edward Bergum, plaintiff, for personal injuries sustained by him when he fell while walking over a trap door on the sidewalk adjacent to property belonging to Carl A. Palmborg, hereinafter referred to as defendant. The jury returned a verdict in plaintiff's favor in the sum of $5,000. Subsequently the court granted defendant's motion for judgment notwithstanding the verdict, and judgment was entered in favor of defendant November 26, 1952. This is an appeal from the judgment.

On December 10, 1952, Carl A. Palmborg died. On March 9, 1953, letters testamentary were issued to Hannah Palmborg, his widow. On that date she was substituted as respondent herein.

Plaintiff testified that on November 14, 1949, at about 5:45 a. m. he tripped on the protruding edge of an iron trap door in the Seventh street sidewalk adjacent to the southerly edge of defendant's property and that as a result he sustained injuries requiring hospitalization, for which this action was subsequently instituted.

The property, which defendant had owned since 1920, consists of a two-story brick structure located in the northeast corner of Seventh street and Cedar avenue in Minneapolis. The building, sidewalk, and trap door are approximately 50 years old. Defendant

did not occupy the building at the time and had not observed the condition of the sidewalk or trap door for several weeks prior to the accident. He testified that he had never observed any defects therein.

On May 5, 1949, about six months prior to the accident, the sidewalk division of the Minneapolis city engineer's office forwarded to defendant by mail a notice which included the following:

"Sidewalk location 629 Cedar Ave.

"Your attention is called to a defect in the sidewalk at the above address, consisting of,

"Recommend new sidewalk

"Legal Description . . . . . . . . . .

"Due to dangerous conditions existing in your sidewalk it is necessary to make repairs. * * *

"Inspector Starkey"

No reference was made therein to the sidewalk on the Seventh street side or to the trap door. The specific defects were not described. A carbon copy kept in the engineer's office specified the lot and block number of the property, an insertion not included in the copy sent to defendant. The court sustained objections to the reception of the notice in evidence because it failed to direct attention to any defects in the trap door or otherwise relate to the sidewalk on Seventh street where the accident took place.

In a memorandum attached to and made a part of its order granting judgment for defendant, the trial court stated:

"* * * the burden is upon the party * * * injured to show by a fair preponderance of the evidence that the trapdoor at the time of the accident was in a defective condition, and that such a condition had existed for such a length of time prior to the accident that the defendant had actual knowledge of it, * * * (a) * * * by reason of creating the defect, or it being directly brought to his attention, or (b) its existence for such a length of time as to cause a presumption of knowledge.

\* \* \* \* \*

"* * * plaintiff offered a photograph * * * in evidence, * * * which purported to show the condition of the sidewalk and trapdoor at the time of the accident. * * * [It was] taken about April 15, 1949, five months after the accident. * * * plaintiff testified that * * * [it] showed the condition of the trapdoor at the time of his fall. * * *

"If this alleged hole in the sidewalk had been there prior to the accident he [plaintiff] would have seen it during the many times he had passed over this location as he testified. He also testified that at the time of the accident it was dark and that he did not see the hole. * * * it was too dark at the time of his fall to see the hole, then * * * plaintiff was not in a position to testify that the condition shown in the photograph was the same as that existing at the time of the accident. There is not one word of evidence * * * that shows that the alleged defective condition of the trapdoor existed at any time prior to the accident.

"* * * plaintiff offered in evidence a report of a sidewalk inspector of the city of Minneapolis * * * sent to * * * defendant which in substance stated that the sidewalk was in poor condition and should be replaced. The court rejected this exhibit * * * for the reason that it did not call to the attention of the defendant that the trapdoor in question was in a condition that was unsafe and dangerous as claimed by the plaintiff * * * on November 14, 1949. * * *

* * * * *

"In the court's opinion there is no evidence in this case that would support the finding of the jury that the defendant had actual or imputed knowledge of the alleged condition of the trapdoor in question on November 14, 1949."

On appeal it is plaintiff's contention that the evidence established defendant's maintenance of the defective trap door on and prior to the date of the accident after knowledge on his part of the defects therein and that, hence, the court erred in granting defendant judgment notwithstanding the verdict.

■ The duty of maintaining sidewalks in a reasonably safe condition for pedestrian travel is placed upon the city rather than upon abutting or adjacent property owners or occupants. Freeman v. City of Minneapolis, 219 Minn. 202, 17 N. W. (2d) 364; O'Hara v. Morris Fruit & Produce Co. 203 Minn. 541, 282 N. W. 274; 26 Minn. L. Rev. 485. However, if the adjacent owner or occupant constructs or maintains a trap door in the sidewalk for the convenience of the property or its occupants, it is his duty to maintain it in a reasonably safe condition for pedestrian travel. Shepstedt v. Hayes, 221 Minn. 74, 21 N. W. (2d) 199; Williams v. John A. Stees Co. Inc. 172 Minn. 35, 214 N. W. 671. In the event a person lawfully using the sidewalk is injured by reason of the defective condition of such a trap door, the burden rests upon him to establish by a fair preponderance of the evidence that the trap door, at the time of the accident, was in a defective condition and that the defects therein were known to the owner or occupant of the adjacent property prior to the accident. Fandel v. Parish of St. John the Evangelist, 225 Minn. 77, 29 N. W. (2d) 817.. Such knowledge may be shown by evidence that the owner or occupant created the defects, that they had been directly called to his attention, or that from the length of time they had existed, his knowledge thereof might be presumed. Fandel v. Parish of St. John the Evangelist, *supra;* Gunning v. King, 229 Mass. 177, 118 N. E. 233. Where there is no evidence to establish this, no liability attaches.

■ In support of his contention that the evidence in the instant case is sufficient to support the jury's finding that defendant had knowledge of the defects prior to the date of the accident, plaintiff relies upon his testimony and that of Herman F. Kunitz, the notice forwarded to defendant by the city, and the photographs offered in evidence. Careful examination of such evidence reveals its failure to establish defendant's knowledge of the defect prior to the date of the accident. There is no testimony from plaintiff or any other witnesses as to the length of time the defect existed prior to the accident. Plaintiff testified that a photograph taken several months after the accident fairly represented the sidewalk as of November

14, 1949, but on cross-examination admitted that on that date when he fell "It was dark," and that "I wasn't paying much attention to it [the sidewalk]." He did not attempt to link the photograph with the condition of the sidewalk prior to the date of the accident. Mr. Kunitz of the city engineer's office testified merely that the notice described had been sent from his office but conceded that the inspection had not been made by him and that he could not identify the defects referred to in the notice. At most, it advised defendant only as to defects on the Cedar avenue sidewalk and conveyed no information whatever as to the trap door or sidewalk on the Seventh street side.

The absence of all evidence to support a finding that defendant had neither actual nor constructive notice of the alleged defects must negative his liability for plaintiff's injuries.

The judgment is affirmed.

Affirmed.

MR. JUSTICE NELSON, not having been a member of the court at the time of the argument and submission, took no part in the consideration or decision of this case.